Terry L. SLINKARD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 47A01–0306–CR–215.

Court of Appeals of Indiana.

April 28, 2004.

Jeffrey R. Wilk, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Terry L. Slinkard appeals his sentence after a plea of guilty to operating a vehicle with a .10% blood alcohol content, a Class C misdemeanor.[1] Slinkard raises two issues:

1. Whether the order that he reimburse the county for jury costs of $399 was without statutory authority; and

2. Whether the order requiring Slinkard to serve 60 days in jail and to participate in a substance abuse program (SAP) for which he had to pay a program service fee of $225 was without statutory authority and therefore an abuse of the judge's sentencing discretion.[2]

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On February 12, 2000, Slinkard was arrested in Lawrence County for operating a vehicle while intoxicated and for an open container violation. He was charged with Count I, operation of vehicle while intoxicated, and Count II, operation of vehicle with .10% or more alcohol in blood. In addition the State asked that the sentence for each of those counts be enhanced because Slinkard is a habitual substance offender.[3] On March 4, 2003, Slinkard pled guilty to Count II, a Class C misdemeanor and the remaining count was dismissed.

When the judge entered the conviction, he ordered Slinkard to serve sixty days in jail, participate in SAP, pay $225 in fees to SAP, pay court costs and fees of $382.50, and pay $399 for jury costs. Slinkard's driving privileges were suspended for one year. A partial stay was granted pending appeal of the provisions concerning enforcement of jury costs, participation in SAP, and SAP fees.

## DISCUSSION AND DECISION

■ Sentencing is a matter within the discretion of the trial court and, upon review, will be reversed only when the court abused its discretion. *Green v. State*, 650 N.E.2d 307, 310 (Ind.Ct.App.1995). "Although the trial court has broad discretion in sentencing, it must act within statutorily prescribed limits." *Lockhart v. State*, 671 N.E.2d 893, 904 (Ind.Ct.App.1996).

### 1. *Reimbursement of Jury Costs*

■ Slinkard asserts the trial court erred by ordering him to pay $399 incurred by the county for jury costs. The State concedes this issue, noting this portion of the sentence was erroneous because Ind.Code § 33-19-5-1 does not provide for a fee to reimburse jury costs. We agree. Therefore, this part of the sentence dealing with jury costs is reversed and remanded to the trial court for correction.

### 2. *Participation in SAP and Payment of SAP Fees in Addition to Sixty Day Executed Sentence*

■ The State argues Slinkard waived his right to appeal this issue by failing to object at the earliest opportunity

---

1. Ind.Code § 9-30-5-1.

2. The judge also suspended Slinkard's driver's license for one year. Slinkard does not challenge on appeal this suspension or the order that he pay court costs and bond fees.

3. Ind.Code § 35-50-2-10. The Presentence Investigation Report indicates Slinkard was convicted of driving while intoxicated in Lawrence County in 1980, 1988, 1989, and 1990 and in Polk County, Florida in 1976.

during his sentencing hearing. Normally, a failure to object to error in a proceeding, and thus preserve an issue on appeal, results in waiver. *Brabandt v. State*, 797 N.E.2d 855, 861 (Ind.Ct.App.2003). However, a court may remedy an unpreserved error when it determines the trial court committed fundamental error. *Id.* "Fundamental error is error such that, if not rectified, would be a denial of fundamental due process." *Id.* (quoting *Bryce v. State*, 545 N.E.2d 1094, 1096 (Ind.Ct.App.1989), *trans. denied* (Ind.1990)). An improper sentence constitutes fundamental error and "cannot be ignored on review." *Morgan v. State*, 417 N.E.2d 1154, 1156 (Ind. Ct.App.1981). We may correct sentencing error by the trial court on appeal even though the issue was not raised below. *Id.*

■ Slinkard argues the trial judge lacked the discretion to order him to participate in SAP and pay for SAP services in addition to serving sixty days in jail. He contends that to do so would go beyond the statutory limitation of penalties for a Class C misdemeanor of either a maximum jail sentence of sixty days, Ind.Code § 35–50–3–4, or probation and participation in a SAP upon suspension of the sentence, Ind. Code § 35–50–3–1.

■ A trial court generally does not have the statutory authority to combine an executed sentence and a probationary term that exceeds "the maximum statutory term for the conviction of a misdemeanor."

*Smith v. State*, 621 N.E.2d 325, 326 (Ind. 1993). However, the record does not indicate Slinkard was placed on probation. Slinkard suggests a requirement to participate in SAP is akin to probation. This is not so.

A trial judge has statutory authority to impose additional penalties on a Class C misdemeanant involved in a driving offense. Indiana Code Chapter 9–30–5[4] concerns a person who operates a vehicle while intoxicated. Section 1 provides in relevant part: "A person who operates a vehicle with at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood commits a Class C misdemeanor."[5] Ind.Code § 9–30–5–1. This was the charge to which Slinkard pled guilty. Ind.Code § 9–30–5–15 provides in relevant part:

> (b) In addition to any criminal penalty imposed for an offense under this chapter, the court shall:
>
> (1) order:
>
> (A) that the person be imprisoned for at least ten (10) days; or
>
> (B) the person to perform at least sixty (60) days of community restitution or service; and
>
> (2) order the person to receive an assessment of the person's degree of alcohol and drug abuse and, if appropriate, to successfully complete an alcohol or drug abuse treatment program, including an alcohol deterrent

---

4. Neither party addressed the effect of this provision, which appears to explicitly authorize the trial court to impose the sentence it did. Slinkard argued, without explanation or authority, that the trial court lost jurisdiction over him after he completed his 60–day executed sentence and, therefore, it could not require him to be involved in SAP. The State argued, also without explanation or authority, that the court made its order before the jail time was served; consequently, it did not matter if SAP attendance was required after the term was over.

5. This was the version of the code in effect when Slinkard was arrested and charged. Several subsequent amendments, the most recent of which took effect on July 1, 2001, changed Section 1 replacing this level of intoxication with two levels: 0.08% but less than 0.15% and at least 0.15%, of which the former is a Class C misdemeanor and the latter a Class A misdemeanor. Ind.Code § 9–30–5–1 (2001).

program if the person suffers from alcohol abuse;

if the person has at least two (2) previous convictions of operating while intoxicated.

(c) Notwithstanding IC 35–50–2–2 and IC 35–50–3–1, a sentence imposed under this section may not be suspended. The court may require that the person serve the term of imprisonment in an appropriate facility at whatever time or intervals (consecutive or intermittent) determined appropriate by the court. However:

(1) at least forty-eight (48) hours of the sentence must be served consecutively; and

(2) the entire sentence must be served within six (6) months after the date of sentencing.[6]

(Footnote added.) It is apparent from this section that the legislature intended additional penalties for individuals who have had multiple convictions of driving while intoxicated.

In *Simmons v. State*, 773 N.E.2d 823, 828 (Ind.Ct.App.2002), *trans. denied*, we addressed the purpose and application of this section:

We conclude that the 1999 amendment to Section 9–30–5–15, and specifically the addition of subsection (b), was intended to act as a "gap-filler," or to require a term of imprisonment for one convicted of OWI more than twice, but not convicted of a felony. As such, we construe Section 9–30–5–15(b) as operating to require an imprisonment term of at least ten days only in those situations where Section 35–50–2–2(b)(4)(Q) is inapplicable because the person has not been convicted of OWI as a Class D felony or another OWI felony offense, such as causing serious bodily injury or death.

In light of Slinkard's previous convictions of driving while intoxicated and the fact judgment was rendered for conviction of a Class C misdemeanor, this section provides the sentencing judge with the authority to impose a sentence requiring both a sixty-day executed term and Slinkard's involvement in SAP.[7] In addition, Ind.Code § 33–19–5–1(3) allows for alcohol and drug services user fees to be imposed by the court; therefore the requirement that Slinkard pay $225 for SAP is not error.

## CONCLUSION

We affirm the sentence of a sixty-day executed term, participation in SAP, and payment of SAP user fees. We reverse the imposition of the $399 fee to reimburse the county for jury costs and remand for correction of that part of the sentence.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and BAKER, J., concur.

---

**6.** This code section became effective July 1, 1999. Subsection (c) is not read "as placing a time limit on the completion of the drug and alcohol abuse assessment and treatment requirements of subsections (a) and (b)." *Simmons v. State*, 773 N.E.2d 823, 828 (Ind.Ct. App.2002), *trans. denied*. The trial judge had jurisdiction to require participation in SAP upon Slinkard's completion of his executed sentence pursuant to Ind.Code Chapter 9–30– 5.

**7.** In fact, according to the statute the judge had the discretion to add either a ten-day jail sentence or community service to the sixty-day sentence authorized for a Class C misdemeanor in addition to involvement in a SAP. At the very least, according to Ind.Code § 9– 30–5–15(b) the judge was required to impose a ten-day jail term or community service and substance abuse treatment.