Spencer J. DEVRIES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A05–0412–CR–678.

Court of Appeals of Indiana.

Aug. 31, 2005.

Transfer Denied Oct. 20, 2005.

DeVries' direction, I.R. "sucked his private." (Tr. at 234). DeVries told I.R. "that's the way boys get their private cleaned." (*Id.* at 238.)

When B.M. returned, I.R. told her that DeVries let her "suck this" (*id.* at 270) and pointed to DeVries' crotch.

In September of 2003, I.R. told B.M. as they were leaving church "the time you left me home with Spencer ... [h]e made me suck his private." (*Id.* at 277.)

John Pinnow, Greenwood, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

MAY, Judge.

Spencer J. DeVries appeals his conviction after a jury trial of child molesting, a Class A felony.[1] He raises two issues:

1. Whether the evidence was sufficient to sustain his conviction; and

2. Whether, pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied* 542 U.S. 961, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004), he was entitled to have a jury determine the aggravating circumstances of the victim's age and his position of trust with the victim.

We affirm.

## FACTS

In mid-March of 2002, B.M. left her four-year-old daughter, I.R., in DeVries' care. DeVries sat on the couch, opened his legs and unbuttoned his pants. At

## DISCUSSION AND DECISION

1. *Sufficiency of Evidence*

█ In reviewing sufficiency of the evidence, we will affirm a conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Herron v. State,* 808 N.E.2d 172, 176 (Ind. Ct.App.2004), *trans. denied* 822 N.E.2d 968 (Ind.2004).

█ DeVries contends I.R.'s testimony is incredibly dubious and not corroborated by other evidence. The "incredible dubiosity" doctrine applies "where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the defendant's guilt." *Thompson v. State,* 765 N.E.2d 1273, 1274 (Ind.2002). "Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Krumm v. State,* 793 N.E.2d 1170, 1177 (Ind.Ct.App.2003).

---

**1.** Ind.Code § 35–42–4–3.

DeVries asserts four reasons I.R.'s testimony was incredibly dubious. First, I.R. testified DeVries' penis was the same color as his face. B.M. testified that about half of DeVries' penis was not the same color as his face, but the rest "was his skin tone, dark." (Tr. at 282.) A photograph to the same effect was entered into evidence. Second, he notes B.M. did not initially believe I.R. and did not report the allegation for eighteen months. Third, DeVries notes he was not charged until after he left B.M. DeVries had incurred substantial debt on a credit card in B.M.'s name, suggesting B.M. had a motive to testify against DeVries. Fourth, he notes there is no physical evidence to corroborate I.R.'s testimony.

▆ DeVries' arguments essentially go to I.R.'s credibility, which is for the jury to determine. I.R.'s testimony was internally consistent and was consistent with that of B.M. B.M. was cross-examined about whether she had a motive to encourage I.R. to lie, and the jury was aware that, as in many child molestation cases, there was no physical evidence of DeVries' molestation of I.R.

▆ A conviction of child molesting may rest solely upon the uncorroborated testimony of the alleged victim, *Link v. State*, 648 N.E.2d 709, 713 (Ind.Ct.App. 1995), and we decline to characterize I.R.'s testimony as so incredibly dubious or inherently improbable that no reasonable person could believe it. It was for the jury to decide how to weigh I.R.'s credibili-

ty in light of all the circumstances, *see Kilpatrick v. State*, 746 N.E.2d 52, 61 (Ind. 2001), and in the absence of "incredibly dubious" testimony we will not impinge on the jury's responsibility to judge witness credibility.

### 2. *Sentencing*

DeVries was sentenced to forty-five years.[2] At sentencing, DeVries argued the only aggravating circumstance the trial court could consider was his criminal history, as "Blakely held that the Court cannot rely upon aggravating factors not found beyond a reasonable doubt by the jury." (Sentencing Tr. at 4.) The trial court found three aggravating circumstances: DeVries' criminal history, his position of trust as I.R.'s stepfather, and the fact I.R. was four years old at the time of the crime. The trial court found no mitigating circumstances.

▆ In *Blakely*, the Supreme Court held any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 124 S.Ct. at 2536. The "statutory maximum" is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Id.* at 2537. "[T]he fact of a prior conviction" is an exception to that rule. *Id.*

▆ DeVries argues the trial court could not rely on his position of trust or I.R.'s age as aggravating circumstances,[3]

---

2. The presumptive sentence for a Class A felony is thirty years. Ind.Code § 35–50–2–4. Up to twenty years may be added if there are aggravating circumstances, and up to ten years may be subtracted for mitigating circumstances. The sentence range is thus twenty to fifty years.

3. DeVries concedes the use of his criminal history as an aggravator does not run afoul of

*Blakely*, although he argues his history, one felony and one misdemeanor, "appears to be an after thought in comparison with the other invalid circumstances[.]" (Br. of Defendant–Appellant at 15.) A single valid aggravating circumstance may be sufficient to sustain an enhanced sentence, so even if a trial court improperly applies aggravating circumstances a sentence enhancement may be upheld

as they were not found by a jury nor did he admit them. We find DeVries did admit to the facts supporting the aggravators, and accordingly we affirm.

■ Devries argues a jury did not find I.R. was of "tender age" (Br. of Defendant–Appellant at 15) nor did he admit I.R.'s age.[4] We disagree with both assertions. DeVries stated at the sentencing hearing that the pre-sentence investigation report had no factual errors that needed to be corrected. (Sentencing Tr. at 3.) The report indicated DeVries was married to B.M. during the time period in question, and I.R. was five at the time of the pre-sentence investigation.[5] The charging information indicated I.R. was five years old, and it was read to the jury. The jury's guilty verdict therefore reflected its finding I.R. was five. *See, e.g., Trusley v. State,* 829 N.E.2d 923, 926 (Ind., 2005) (discussing sources a sentencing court may properly consult to determine whether a fact has been sufficiently established for *Blakely* purposes); *State v. Miranda–Cabrera,* 209 Ariz. 220, 99 P.3d 35, 41 (2004) (because the charging information specified Miranda–Cabrera's act was in violation of the Dangerous Crimes Against Children statute, the guilty verdict presumably reflected the jury's finding the victim was under fifteen), *review continued.*

As to the "position of trust" aggravator, we note DeVries testified at trial he was married to B.M., I.R. was B.M.'s daughter, and he took care of I.R. on more than one occasion.[6] He testified he was living at the house with B.M. at the time of the alleged molestation and for at least fifteen months thereafter. Those facts supported the sentencing court's conclusion DeVries, as I.R.'s stepfather, was in a position of trust. *See Trusley,* 829 N.E.2d at 927 (admission at trial that Trusley was the victim's day care provider supported the court's "appropriate legal observation" regarding Trusely's position of trust with the victim; *Singer v. State,* 674 N.E.2d 11, 14 (Ind.Ct. App.1996) (stepfather's sentence for child molesting was properly enhanced because of his abuse of his position of trust)).

DeVries admitted the second and third aggravating circumstances the trial court relied on, and the first aggravating circumstance, DeVries' criminal history, does not implicate *Blakely.* We accordingly affirm Devries' sentence.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.

---

where there are other valid aggravating circumstances. *Abney v. State,* 822 N.E.2d 260, 269 (Ind.Ct.App.2005), *trans. denied.* Accordingly, even if Devries had not, as explained below, admitted the additional aggravators, any error would likely be harmless.

4. The sentencing court found I.R.'s age was an aggravator even though the victim's age is an element of the offence of which DeVries was convicted. DeVries does not argue this was error, and we agree with the sentencing court. In *Kile v. State,* 729 N.E.2d 211, 214 (Ind.Ct.App.2000), a prosecution for neglect of a dependent, the court used the victim's age as an aggravator even though the victim's

age was an element of the crime. We noted a trial court may consider the nature and circumstances of a crime as an aggravating factor, and cited *Mallory v. State,* 563 N.E.2d 640, 647 (Ind.Ct.App.1990), *trans. denied,* where we upheld a determination that neglect of a very young child is worse than the same behavior toward an older, more capable child.

5. I.R. would have been four at the time of the molestation.

6. Apparently, the molestation occurred on the first occasion when DeVries watched I.R.