James R. JOHNSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 44A05–0505–CR–285.

Court of Appeals of Indiana.

April 6, 2006.

Rehearing Denied June 1, 2006.

148

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

James Johnson challenges his thirty-year sentence for child molesting, a Class A felony,[1] a $5000.00 fine, and an order requiring him to pay restitution for the victim's counseling. We affirm and remand.

### Issues

Johnson raises four issues for our review, which we reorder and restate as:

I.  whether the trial court violated certain federal and state constitutional rights during his sentencing hearing;

II. whether the trial court abused its discretion in crafting his sentence;

III. whether the trial court erred by fining him $5000.00; and

IV. whether the trial court erred by ordering him to pay an indetermi-

---

1. Johnson also received a thirty-year habitual offender enhancement. He does not challenge the enhancement.

nate amount of restitution if the victim seeks counseling.

## Facts

The State's information and probable cause affidavit allege that on July 27, 1999, Johnson touched a ten-year-old girl's vagina with his tongue after enticing her into his trailer with promises of money and stuffed animals. The victim then told her father what had happened, and he contacted the police. The police took Johnson into custody and transported him to the sheriff's department for questioning. Johnson was subsequently arrested and agreed to undergo a polygraph examination. Before consulting counsel, Johnson signed a consent form agreeing that the results of the examination would be admissible in court. The State filed its information on October 1, 1999, charging Johnson with child molesting and with being an habitual offender.

On March 6, 2000, without a written plea agreement, Johnson pled guilty to both charges. His sentencing hearing was held on April 6, 2000. During the sentencing hearing, the State called several witnesses to testify regarding Johnson's guilt, including Officer Herbert Bergman. Officer Bergman testified that Johnson had agreed to the polygraph examination and that he signed the consent form stating that his testimony would be admissible in court. He further testified that another inmate told police that Johnson had admit-

ted to the conduct that was the basis for the child molesting charge.

In its written sentencing order, the trial court found several aggravating factors—Johnson's criminal history, the fact that the victim was Johnson's relative, and the fact that the victim was less than twelve years old—and several mitigating factors—Johnson's guilty plea, his military service, and the fact that the victim suffered no physical injuries.[2] The trial court then sentenced Johnson to thirty years at the Department of Correction for the child molesting conviction and further ordered him to pay a $5000.00 fine. The trial court also ordered Johnson to pay restitution to his victim should she decide to seek counseling. After being granted permission to file a belated appeal, Johnson now challenges his sentence.

## Analysis

### I. Constitutional Violations at Sentencing

Johnson asserts that the trial court violated his right against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution and his right to confront witnesses as guaranteed by Article I, Section 13 of the Indiana Constitution by admitting, respectively, evidence related to his polygraph examination and statements from a jailhouse informant who did not himself testify at the sentencing hearing.

We review a trial court's decision to admit or exclude evidence for an abuse of

---

2. There is a discrepancy between the manner in which the trial judge orally recited the aggravators and mitigators at the sentencing hearing and the way they are listed in the written sentencing order. At the sentencing hearing, the trial judge listed the aggravators as: Johnson's criminal history and the fact that the victim was under twelve years old and a friend of Johnson's daughter. At the sentencing hearing the trial judge listed the mitigators as: Johnson's guilty plea, his mili-

tary service, and his history of mental "problems." Tr. p. 61. Both Johnson and the State rely on the aggravators and mitigators listed in the written sentencing order, and neither argues that we should look to the factors orally recited by the trial court at the sentencing hearing instead. Therefore, we will review Johnson's sentence based on the aggravators and mitigators provided in the written sentencing order.

discretion. *Pickens v. State,* 764 N.E.2d 295, 297 (Ind.Ct.App.2002), *trans. denied.* However, an error is harmless "when the conviction is supported by substantial independent evidence of guilt which satisfies the reviewing court that there is no likelihood that the erroneously admitted evidence contributed to the conviction." *Moore v. State,* 827 N.E.2d 631, 639 (Ind. Ct.App.2005), *trans. denied.* Similarly, "we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence appropriately admitted." *Pickens,* 764 N.E.2d at 297.

■ Johnson claims that his Fifth Amendment rights were violated by the trial court's admission of the testimony related to his polygraph examination and that he was prejudiced because, during that examination, he "attacked the victim's credibility and accused the victim of inappropriate behavior." Appellant's Br. p. 12. Johnson further argues that certain portions of the admitted examination "left open the possibility ... that Johnson had committed other uncharged molestations." *Id.* With regard to his Article I, Section 13 argument, he claims he was prejudiced because the jailhouse informant's statements "indicated that Johnson viewed child molestation as appropriate and, thus, suggested his likely recidivism." *Id.* at 15.

Despite his contentions, there is no evidence in the record to support Johnson's argument that he was prejudiced by the admission of this evidence because the trial court did not rely on any of the arguably prejudicial material in sentencing him. The trial court identified three aggravating factors, none of which was related to what Johnson argues could be a perceived attack on the victim's credibility or accusa-

tion of her inappropriate behavior, the evidence of other uncharged molestations, or the likelihood of his recidivism. Johnson suffered no prejudice as a result of the admission of the results of the polygraph examination or the informant's statements to police. Further, Johnson had previously pled guilty to the charged offense, and the contested evidence, whether properly admitted or not, did not affect the outcome of this case.

We conclude that any irregularities in the admission of evidence that may have occurred during Johnson's sentencing hearing were harmless, if error at all, because this evidence merely supplemented Johnson's admission of guilt through his guilty plea and because nothing in the record indicates that Johnson was prejudiced by such admission.

## II. Abuse of Discretion at Sentencing [3]

■ Johnson next contends that the trial court abused its discretion by finding the victim's age and relationship to Johnson as aggravating factors. He argues that the mitigating factors outweigh the one valid aggravator—his criminal history—and that his sentence should be reduced. In *Hope v. State,* 834 N.E.2d 713, 717 (Ind.Ct.App.2005), we discussed a two-step process for analyzing a non-*Blakely* challenge to an enhanced sentence.

[T]he first step is to determine whether the trial court issued a sentencing statement that (1) identified all significant mitigating and aggravating circumstances; (2) stated the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulated the court's evaluation and balancing of the circumstances. *See*

---

**3.** We note that Johnson committed the crime at issue in this case, pled guilty, and was sentenced prior to the April 25, 2005, the date on which our new sentencing statutes became

effective. Therefore, we review Johnson's claim under the old "presumptive" sentencing scheme.

*Cotto v. State,* 829 N.E.2d 520, 523–24 (Ind.2005). If we find an irregularity in a trial court's sentencing decision, "we have the option to remand to the trial court for a clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level." *Id.* at 525. Even if there is no irregularity and the trial court followed the proper procedures in imposing sentence, we still may exercise our authority under Appellate Rule 7(B) to revise a sentence that we conclude is inappropriate in light of the nature of the offense and the character of the offender. *See Ruiz v. State,* 818 N.E.2d 927, 928 (Ind.2004).

*Id.* at 717–18. Employing the formula set out in *Hope,* we conclude that any irregularity in the trial court's sentencing procedure constituted harmless error, and we affirm Johnson's sentence.

Johnson argues, the State concedes, and we agree, that the trial court improperly relied on the victim's age as an aggravator because, "when the age of the victim constitutes a material element of the crime, then the victim's age may not also constitute an aggravating circumstance...." Appellee's Br. p. 10 (quoting *McCarthy v. State,* 749 N.E.2d 528, 539 (Ind.2001)). However, in *McCarthy,* our supreme court noted that "the trial court may properly consider the particularized circumstances of the factual elements as aggravating factors." *McCarthy,* 749 N.E.2d at 539. In this case the trial court did not explain why it considered the victim's age—less than twelve years old—to be an aggravating circumstance. Thus, the trial court erred in identifying the victim's age as an aggravator.

■■ Johnson next argues that the trial court improperly found Johnson's relationship with the victim as an aggravator because he was not related to the victim. The State concedes that the evidence "shows the victim was a neighbor's child," Appellee's Br. p. 9, and at the sentencing hearing the trial court did identify the victim not as Johnson's relative, but as a friend of Johnson's daughter. When read together, however, the trial court's statement at the sentencing hearing and the sentencing order plainly indicate that it is the nature of Johnson's relationship with the victim that the trial court identified as an aggravator. This does not constitute error because the nature and circumstances of a crime may be a proper aggravating factor. *See Devries v. State,* 833 N.E.2d 511, 515 (Ind.Ct.App.2005), *trans. denied.*

■ Although we have identified error in the trial court's sentencing procedure, that error is harmless because we conclude that the weight of the remaining aggravators balances the weight of the mitigators. As well as Johnson's relationship with his victim, the trial court also recognized his extensive criminal history as an aggravator. In addition to the instant offense and the criminal sexual conduct and sexual misconduct with a minor convictions that support Johnson's habitual offender conviction, the presentence investigation report identifies a juvenile adjudication for breaking and entering and adult convictions for criminal recklessness, two counts of operating a vehicle while intoxicated, resisting law enforcement, and sexual misconduct with a minor.[4] The presentence investigation report also indicates that some of these crimes were committed while Johnson was on probation. *Id.*

---

4. Johnson's presentence investigation report also indicates that he was arrested for public intoxication in 1988, but does not clearly state whether he was convicted of the crime.

Johnson has a criminal history beginning in 1984, and he has committed several serious offenses, one of which is related to the instant conviction. We conclude that Johnson's substantial and long-running criminal history, coupled with the fact of the nature of his relationship with the victim in this case, weigh equally against the mitigators identified by the trial court. The trial court properly sentenced Johnson to what was a presumptive term of thirty years for a Class A Felony.

### III. $5000.00 Fine

Johnson further contends the $5000.00 fine is inappropriate pursuant to Indiana Appellate Rule 7(B). We disagree. In general, the imposition of a fine is within the trial court's discretion, and we review the imposition of such for an abuse of discretion. *See Turner v. State,* 755 N.E.2d 194, 199 (Ind.Ct.App.2001), *trans. denied.* However, the Rules of Appellate Procedure apply to appellate review of fines as well as of incarceration. *Austin v. State,* 528 N.E.2d 792, 795 (Ind. Ct.App.1988). As such, when an appellant challenges the appropriateness of his or her sentence, we have the authority to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In reviewing the appropriateness of Johnson's fine, we mirror our analysis after the practicality-focused analysis set out by this court in *Cooper v. State,* 831 N.E.2d 1247, 1254–55 (Ind.Ct.App.2005), *trans. denied.*

In *Cooper,* the appellant, who had been convicted of Class D felony battery upon a child, was sentenced to "one and one-half (1½) years" with "all but sixty (60) days [suspended]," restitution, and a $2500.00 fine. *Id.* at 1250. We exercised our authority to review the appropriateness of the $2500.00 fine. In doing so, we noted that the trial court appointed appellate counsel for Cooper and recognized that she was in a precarious financial position—she lost her job as a result of her conviction, she testified that she had no money to make her house or car payments, and she additionally was responsible for paying court costs and probation-related fees. *Id.* at 1254. We concluded that the fine was inappropriate, stating, "We fail to see any basis for the imposition of a fine in the amount of $2,500.00 based upon the circumstances herein. There is no evidence that Cooper can now or will in the immediate future be able to pay the fine." *Id.*

Here, Johnson argues that his fine is inappropriate because he is indigent and because he will not be released from jail until he is past retirement age. Accordingly, he contends, "the possibility that he would have the funds to pay such a fine are small" and, "the fine has no reasonable basis and serves no legitimate purpose." Appellant's Br. pp. 20–21. We find Johnson's circumstances distinguishable from the circumstances we addressed in *Cooper* and conclude that his fine is appropriate.

Although both Johnson and Cooper are and were indigent and unable to pay their respective fines at the time their cases are and were before this court, Johnson's situation differs from Cooper's in that Johnson is not being asked to pay his fine immediately. Conversely, we noted in *Cooper* that "failure to pay the fine could seriously jeopardize the possibility that Cooper's conviction might in the future be reduced to a class A misdemeanor." *Cooper,* 831 N.E.2d at 1254. Because Cooper's eligibility for alternative misdemeanor sentencing was contingent on her paying the fine, we presume that it was necessary for Cooper to pay within a specified, relatively short period of time. Thus, there was a sense of urgency in Cooper's case that does not

exist in this case; Johnson does not risk suffering any prejudice for failing to pay his fine immediately. Further, although it is clear that Johnson is unable to pay his fine *at this time,* we do not foreclose the possibility that Johnson may be able to pay the fine at some point in the future if, for example, he is the beneficiary of an inheritance.[5]

Instead, Johnson's fine is appropriate in light of the nature of the offense and the character of the offender. Indiana Code Section 35–50–2–4 provides: "A person who commits a Class A felony . . . may be fined not more than ten thousand dollars ($10,000)." The trial court imposed on Johnson a middle-of-the-road $5000.00 fine. This is in keeping with his similarly middle-of-the-road, thirty-year presumptive sentence. Indeed, $5000.00 is no small fine, but neither is it as burdensome as the maximum $10,000.00 fine. Johnson committed a serious crime for which a fine is appropriate, but he did not receive an enhanced sentence. The $5000.00 fine is in keeping with the seriousness of his conviction and the tone of Johnson's sentence.

### IV. Restitution

Finally, Johnson argues that the trial court erred by ordering him to pay an unspecified amount of restitution for the victim's counseling, to be paid "if requested." App. p. 11. Generally speaking, a restitution order is within the trial court's

discretion, and we review that portion of a defendant's sentence for an abuse of that discretion. *Green v. State,* 811 N.E.2d 874, 877 (Ind.Ct.App.2004).

The State argues that Johnson has waived this argument by failing to challenge the restitution order at his sentencing hearing. Indeed, a failure to preserve an issue for appeal usually results in a waiver. *Slinkard v. State,* 807 N.E.2d 127, 128–29 (Ind.Ct.App.2004). "However, a court may remedy an unpreserved error when it determines the trial court committed fundamental error. . . . An improper sentence constitutes fundamental error and cannot be ignored on review." *Id.* at 129 (quotation and citation omitted).

Indiana Code Section 35–50–5–3 governs restitution orders and provides, "The court shall base its restitution order upon a consideration of: [inter alia] . . . medical and hospital costs incurred by the victim *(before the date of sentencing)* as a result of the crime. . . ." (emphasis added). It is well-settled that "the trial court may consider only those expenses incurred by the victim prior to the date of sentencing in formulating its restitution order." *Carswell v. State,* 721 N.E.2d 1255, 1259 (Ind.Ct.App.1999). To order a defendant to pay restitution for medical expenses incurred after the date of sentencing would constitute an improper sentence not sanc-

---

5. Another panel of this court recently stated: "we decline to hold a trial court has the authority to order a presently indigent defendant to pay restitution based on possible future earnings or other speculative prospective wealth." *Davis v. State,* 843 N.E.2d 65, 68 (Ind.Ct.App.2006). However, the issue in *Davis* was whether the trial court properly ordered the appellant to reimburse the public defender fund, not whether a fine was properly assessed. The *Davis* court then analyzed the three statutes that address when a defendant must reimburse the county for counsel provided at public expense. *See id.* at 68.

*Davis* discussed specific statutes not at issue in this case; *Davis* carries no weight here. We further note that our courts have not limited the imposition of fines and costs to solvent defendants, and our supreme court has stated that, with regard to fines and costs, "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise." *Whedon v. State,* 765 N.E.2d 1276, 1279 (Ind. 2002).

tioned by our statute and, thus, fundamental error.

In this case, the trial court's sentencing order with regard to restitution is unclear, and we are not able to determine whether that portion of the sentence is in keeping with the requirements of the restitution statute. The State, too, reaches this conclusion and concedes that the restitution order "requires clarification." Appellee's Br. p. 13. Because we are unable to determine whether the restitution provision is improper and results in fundamental error, we remand this portion of Johnson's sentence to the trial court for clarification.

### Conclusion

We conclude that any possible violation of Johnson's rights under the Fifth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution during his sentencing hearing was harmless. We further conclude that the trial court did not abuse its discretion by sentencing Johnson to what was a presumptive thirty-year sentence on a Class A felony and that the $5000.00 fine imposed on him was appropriate. We remand to the trial court for clarification of the restitution portion of Johnson's sentence. We affirm and remand.

Affirmed and remanded for clarification.

SHARPNACK, J., and RILEY, J., concur.