# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSE M. SANTANA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1302-CR-54 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Thomas Murto, Magistrate
Cause No. 20D04-1112-FC-34

**May 30, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Jose M. Santana appeals his conviction of Class C felony operating a motor vehicle while privileges are forfeited for life.[1]   As the police had reasonable suspicion to stop Santana, we affirm.

## FACTS AND PROCEDURAL HISTORY

On December 4, 2011, Goshen police officer Todd Burks saw a pick-up truck Santana was driving in Goshen, Indiana.  He ran the license plate information for the truck, but he omitted one digit from the plate number and the result came back "Not on File."[2]  (Tr. at 6.) Officer Burks followed the truck and saw it turn 100 to 150 feet after the turn signal was activated.  Ind. Code § 9-21-8-25 requires:  "A signal of intention to turn right or left shall be given continuously during not less than the last two hundred (200) feet traveled by a vehicle before turning or changing lanes."

Officer Burks pulled the truck over and asked Santana for his license.  Santana said he did not have a license, and Officer Burks asked if he had any kind of identification.  Santana produced a Mexican voter registration card with his photograph.  Officer Burks asked for the registration of the truck.  He entered the number properly and discovered the registration was valid.  However, Officer Burks arrested Santana after he determined Santana had been adjudicated an Habitual Traffic Offender such that his driving privileges were forfeited for life.

---

[1] Ind. Code § 9-30-10-17.

[2] Officer Burks testified a result of "Not on File" can indicate an old plate is being used on a new car, when the older vehicle has been sold or re-registered.  (Tr. at 19.)

The State charged Santana with Class C felony operating a motor vehicle while privileges were forfeited for life.  Santana filed a Motion to Suppress, arguing Officer Burks did not have a valid basis for stopping his truck.  The trial court denied the motion and, during the trial, Santana lodged a continuing objection to the validity of the stop.  After a bench trial, Santana was found guilty.

## DISCUSSION AND DECISION

Our standard for review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to suppress or by trial objection. *Turner v. State*, 862 N.E.2d 695, 699 (Ind. Ct. App. 2007).  We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling.  *Id.*  However, we must also consider the uncontested evidence favorable to the defendant.  *Id.*

Police officers may stop a vehicle when they observe minor traffic violations.[3]  *Id*.  A stop is lawful if there is an objectively justifiable reason for it, and a stop may be justified on less than probable cause.  *Id.*  If there is an objectively justifiable reason, then the stop is valid whether or not the police officer would have otherwise made the stop but for ulterior suspicions or motives.  *Id.* at 699-700.

---

[3] Santana also argues the stop was improper because the report his license plate number was not on file was erroneous.  He argues an officer's mistake of that nature cannot be a basis for the good faith exception to the requirement of reasonable suspicion.

We need not address that allegation of error, as the turn signal violation provided an independent basis for a valid traffic stop.  The officer did not stop Santana until he saw the turn signal violation.  Santana correctly notes the officer agreed, when asked at trial, that "the focus of your traffic stop was the erroneous license plate as opposed to the two-hundred (200) feet."  (Tr. at 12.)  But the officer was later asked, after he described Santana's turn, "why did that . . . cause you to initiate the stop?"  (*Id*. at 35.)  The officer responded with the requirement that a turn be signaled 200 feet prior to the turn.

The trial court heard evidence Santana committed a traffic violation that would permit a lawful traffic stop. Officer Burks testified Santana did not signal for the proper distance before turning, but Santana argues the evidence shows there was "a real possibility" he could have signaled "at the two hundred and fifteen foot (215) mark." (Appellant's Br. at 6.) Santana's argument is a request to reweigh the evidence, which we may not do, *see Turner*, 862 N.E.2d at 699, and we accordingly affirm. *See Haynes v. State*, 937 N.E.2d 1248, 1253 (Ind. Ct. App. 2010) (officer's testimony of traffic infraction sufficient to justify traffic stop), *trans. denied.*

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.