## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 12 2015, 7:08 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Majra Russell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 12, 2015

Court of Appeals Case No.
49A02-1407-CR-448

Appeal from the Marion Superior Court; The Honorable Amy Jones, Judge; The Honorable David Hooper, Magistrate;
49F08-1312-CM-77688

**May, Judge.**

[1] Majra Russell challenges the sufficiency of evidence supporting her conviction of Class B misdemeanor criminal mischief.[1] Russell also argues the trial court abused its discretion by ordering restitution.

[2] We affirm.

## Facts and Procedural History

[3] On November 17, 2013, Jacquelyn Williams heard her son, Jimmy Brently, arguing with Russell on Williams' front porch. When Brentley closed the door, Russell kicked it, damaging the door and lock. Police observed damage to the door but did not photograph it that day. On November 25, 2013, a detective was called to Williams' home and photographed the damage. Williams obtained a written estimate of the cost to repair the damage. The contractor incorrectly listed the date of the estimate as November 3, 2013 rather than December 3, 2013, and Williams testified regarding this discrepancy.

[4] The trial court found Russell guilty of criminal mischief, imposed a sentence of 180 days, with credit for four days and 176 days suspended, and ordered Russell to pay $575.00 in restitution.

---

[1] Ind. Code § 35-43-1-2 (2013).

# Discussion and Decision

## *1. Sufficiency of Evidence*

[5] Russell asserts there is insufficient evidence to support her conviction.

> When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.

[6] *Anderson v. State*, 469 N.E.2d 1166, 1169 (Ind. 1984). The testimony of a single eye witness is sufficient to sustain a conviction. *Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001).

[7] Williams testified Russell kicked her door. Officer Anthony Priami testified: "There was damage to the outer-door which is a screen door with glass and a wood door leading into the residence." (Tr. at 27.) A detective photographed the damage. Russell argues Williams' testimony is false because her son was involved in the argument and she is biased. However, it is the province of the fact-finder to judge the credibility of witnesses and we will not reassess it. *See Santana v. State*, 10 N.E.3d 76, 77 (Ind. Ct. App. 2014) (reweighing evidence not permissible when evidence only shows "a real possibility" of other action).

[8] As there was sufficient evidence Russell caused the damage to the door, we affirm her conviction.

## 2. Restitution

Russell asserts the trial court abused its discretion by ordering her to pay restitution because the evidence was insufficient to prove actual loss.[2]

> A restitution order must be supported by sufficient evidence of actual loss sustained by the victim or victims of a crime. The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence. We review a trial court's order of restitution for an abuse of discretion. We will affirm the trial court's order if sufficient evidence exists to support its decision.

*Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008) (internal citations and quotations omitted), *trans. denied*.

This restitution order is well within the discretion of the trial court. The State produced photographs of the damage and the estimate stating repairs would cost $575.00. Although the estimate is incorrectly dated, Williams explained the discrepancy and was cross-examined about it. Her testimony, the photographs, and the estimate establish the amount of loss Williams incurred, making the evidence sufficient to support the restitution order. *See Guzman v. State*, 985 N.E.2d 1125, 1130 (Ind. Ct. App. 2013) (letter of medical expenses sufficient to prove loss).

---

[2] The State argues this argument is waived because Russell did not object to the order during the sentencing. However, we have reversed restitution orders when the defendant did not object at the earliest opportunity to such an order. *See, e.g., Johnson v. State,* 845 N.E.2d 147, 153-54 (Ind. Ct. App. 2006) (unchallenged order still resulted in finding of fundamental error), *trans. denied*.

# Conclusion

There was sufficient evidence to support Russell's conviction and the restitution order. Accordingly, we affirm.

Affirmed.

Barnes, J., and Pyle, J., concur.