## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2020, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Scott E. Miller<br>Westville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Ellen H. Meilaender<br>Supervising Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott E. Miller,<br><br>*Appellant-Petitioner*,<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Respondent*. | December 23, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2870<br><br>Appeal from the LaGrange Superior Court<br><br>The Honorable Lisa M. Bowen-Slaven, Judge<br><br>Trial Court Cause No.<br>44D01-0407-FA-9 |

**Brown, Judge.**

[1] Scott E. Miller appeals the trial court's order dismissing his motion to correct erroneous sentence. We affirm.

## *Facts and Procedural History*

[2] On July 28, 2004, the State charged Miller with Count I, dealing in methamphetamine as a class A felony, and Count II, dealing in a Schedule II controlled substance as a class B felony. A jury found Miller guilty as charged. On April 11, 2005, the court sentenced him to concurrent sentences of fifty years for Count I and twenty years for Count II.

[3] On direct appeal, we affirmed Miller's convictions. *Miller v. State*, No. 44A03-0506-CR-259, slip op. at 2 (Ind. Ct. App. March 16, 2006), *trans. denied*. In 2013, we affirmed the denial of his petition for post-conviction relief. *Miller v. State*, No. 44A05-1207-PC-376, slip op. at 2 (Ind. Ct. App. April 18, 2013).

[4] On October 18, 2019, Miller, *pro se*, filed a Motion to Correct Sentencing Error.[1] On November 21, 2019, the trial court entered an order dismissing Miller's motion.

## *Discussion*

[5] We note that Miller is proceeding *pro se* and that such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Miller

---

[1] The record does not contain a copy of Miller's motion.

did not provide a copy of the court's April 11, 2005 sentencing order or his October 18, 2019 Motion to Correct Sentencing Error. *See* Ind. Appellate Rule 50 ("The appellant's Appendix in a Criminal Appeal shall contain . . . any record material relied on in the brief unless the material is already included in the Transcript . . . ."). To the extent Miller fails to cite to relevant authority or the record or develop an argument with respect to the issue he attempts to raise on appeal, those arguments are waived. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority").

[6] To the extent Miller develops an argument regarding his motion to correct erroneous sentence, we cannot say that reversal is warranted. Generally, we review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[7] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must

be in writing and supported by a memorandum of law
specifically pointing out the defect in the original sentence.

[8] In *Robinson v. State*, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805 N.E.2d 783, 786 (Ind. 2004) (citations omitted). The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ." *Neff*, 888 N.E.2d at 1251 (citing *Robinson*, 805 N.E.2d at 793-794). A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson*, 805 N.E.2d at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ." *Id.* The Court also held that the "sentence" that is subject to correction under Ind. Code § 35-38-1-15 "means the trial court's judgment of conviction imposing the sentence and not the trial court's entries on the Department of Correction's abstract of judgment form." *Id.* at 794.

[9] Although Miller included an abstract of judgment in his appendix, he failed to submit the formal judgment of conviction imposing the sentence as

contemplated under *Robinson*. *See id.* (holding that "a motion to correct sentence may not be used to seek corrections of claimed errors or omissions in an abstract of judgment"). In *Neff*, the Indiana Supreme Court acknowledged that Marion County, Indiana, does not historically issue judgments of conviction due to its very high volume of criminal cases. *Neff*, 888 N.E.2d at 1251. For this reason, the *Neff* Court deemed a trial court's abstract of judgment an appropriate substitute for purposes of making the claim. *Id.* However, Miller's sentences were entered in LaGrange County, Indiana. There is no indication that LaGrange County issues only abstracts of judgment and not formal judgments of conviction. *See Johnson v. State*, 845 N.E.2d 147, 149 (Ind. Ct. App. 2006) (addressing an appeal from LaGrange County and observing that the trial court entered a written sentencing order), *reh'g denied*, *trans. denied*.

[10] Even if we were to accept Miller's abstract of judgment, we would conclude that his claim must fail. As noted, he did not provide a copy of his motion. Nonetheless, we note that resolution of the issue presented by Miller necessarily requires consideration of factors outside the face of the judgment. He cites to the sentencing transcript, appears to challenge the aggravating factors, and argues that *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), *reh'g denied*, requires that the jury determine the existence of aggravators. To address Miller's claims would require a consideration of proceedings before, during, or after his sentencing. Thus, these arguments are not properly presented by way of a motion to correct erroneous sentence. *See Fulkrod v. State*, 855 N.E.2d 1064, 1067 (Ind. Ct. App. 2006) ("[A] determination of whether a sentence was

properly imposed under *Blakely* would require that we look beyond the face of the judgment to see if imposition of an enhanced sentence was based upon facts determined through constitutionally permissible channels. As such, a *Blakely* claim is not the type of claim which may be brought through a motion to correct erroneous sentence.").

[11] For the foregoing reasons, we affirm.

[12] Affirmed.

Vaidik, J., and Pyle, J., concur.