**Louis A. MATA, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A05–0606–CR–317.

Court of Appeals of Indiana.

May 16, 2007.

Mark A. Bates, Crown Point, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Louis A. Mata, Jr. ("Defendant") appeals from the trial court's sentencing order after Defendant pled guilty to battery, a Class C felony,

Ind.Code § 35–42–2–1.[1]

On December 23, 2005, Defendant and Jason Romer argued with George Mele at an apartment in Hammond, Indiana. Defendant hit Mele in the face with his fists and kicked Mele. Mele went to the hospital and incurred $2,000.00 in medical bills for his injuries. On December 25, 2005, the State filed one count of aggravated battery, a Class B felony against Defendant.

On May 10, 2006, Defendant and the State reached a plea agreement whereby Defendant would plead guilty to the amended charge of Class C felony battery. Immediately following the submission of the plea, the trial court heard argument and evidence before imposing a sentence. The trial court stated at the hearing and in the sentencing order various aggravating and mitigating circumstances found. Ultimately, the trial court sentenced Defendant to two and one half years in the Department of Correction and two and one half years in the sheriff's work release program.

Defendant first argues that the trial court erred by failing to identify all mitigating circumstances present in his situation and by failing to properly evaluate the aggravating and mitigating circumstances before imposing a sentence greater than the advisory sentence. Defendant claims that there was evidence of three mitigating circumstances; 1) Defendant's alcoholism, 2) Defendant's clinical depression, and 3) Defendant's remorse, that should have been given consideration in reaching his sentence.

■ On April 25, 2005, the Indiana Legislature's amendment of sentencing statute Ind.Code § 35–38–1–7.1(d) became effective. Ind.Code § 35–38–1–7.1(b) provides that the trial court may consider mitigating circumstances. However, a court may impose any sentence that is authorized by statute and permissible under the Constitution of the State of Indiana, regardless of the presence or absence of aggravating circumstances or mitigating circumstances. Ind.Code § 35–38–1–7.1(d). The trial court may impose any sentence within the sentencing range without regard to the presence or absence of such circumstances. *Fuller v. State*, 852 N.E.2d 22, 26 (Ind.Ct.App.2006). Because the new sentencing statute provides for a range with an advisory sentence rather than a fixed or presumptive sentence, a lawful sentence would be one that falls within the sentencing range for the particular offense. *Id. citing Samaniego–Hernandez v. State*, 839 N.E.2d 798, 805 (Ind. Ct.App.2005). Defendant's five-year sentence was within the sentencing range for Class C felony battery. Therefore, the trial court did not err.

■ Defendant's argument combines an argument in which he challenges the trial court's sentencing statement and order, with a request that this court revise his sentence under our Ind. Appellate Rule 7(B) review. This court may revise a sentence after careful review of the trial court's decision if it concludes that the sentence is inappropriate based on the nature of the offense and the character of the offender. App. R. 7(B).

■■ Defendant argues that the trial court failed to consider as mitigating cir-

1. The State had argued on cross-appeal that this court had no jurisdiction to decide the appeal as the notice of appeal was belatedly filed without previously seeking permission from the trial court. This appeal was held in abeyance while Defendant sought the trial court's permission to file a belated notice of appeal. Once permission was granted, this court resumed jurisdiction over this appeal.

cumstances Defendant's alcoholism, his clinical depression, and his remorse. Sentencing decisions are left to the sound discretion of the trial court. *Fuller,* 852 N.E.2d at 26. When reviewing a sentencing statement this court is not limited to the written sentencing order but may examine the record as a whole to determine that the trial court made a sufficient statement of its reasons for selecting the sentence imposed. *Shaw v. State,* 771 N.E.2d 85, 88 (Ind.Ct.App.2002).

Defendant argues that the trial court must have failed to consider the mitigating circumstances at issue because those mitigating circumstances were not included in the written sentencing order. However, during the sentencing hearing, the trial court specifically found that Defendant's alcoholism constituted a mitigating circumstance, and indicated as much in the transcript of that hearing. Therefore, Defendant's argument regarding that mitigating circumstance does not require further review.

■■■ The transcript of the sentencing hearing also reveals that the trial court made reference to Defendant's recent diagnosis of clinical depression. However, the trial court did not find that evidence to be significant enough to constitute a mitigating circumstance. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Gray v. State,* 790 N.E.2d 174, 177 (Ind.Ct.App.2003). Additionally, trial courts are not required to include within the record a statement that it considered all proffered mitigating circumstances, only those that it considered significant. *Id.*

As for Defendant's argument regarding his remorse, the record reveals that Defendant made a brief apology to the victim and a brief statement at the sentencing hearing. Although there is some evidence of Defendant's remorse, the trial court was in the best position to determine whether Defendant's remorse was genuine, and therefore, significant enough to be found as a mitigating circumstance. *Id.*

Defendant received the benefit of pleading guilty to a Class C felony as opposed to the original charge, a Class B felony. Defendant committed the instant offense while he was on probation for another offense. Defendant's criminal history includes eight misdemeanor convictions. The nature of the offense and the character of the offender suggest that the trial court correctly imposed a five-year sentence, one year above the advisory sentence for Class C felony battery.

Defendant also challenges the trial court's restitution order. The trial court ordered Defendant to pay restitution to the hospital that treated Mele instead of directly to Mele.

Defendant did not object to the restitution component of the sentencing order at the time the trial court issued the order. In fact, the transcript reveals that Defendant argued that he was willing to pay restitution to the victim, and argued to have part of his sentence served on work release in order to make restitution payments at the end of his sentence. The State, therefore, argues that Defendant has waived this argument for appeal, and in fact, invited the error.

■■■ Generally speaking, a restitution order is within the trial court's discretion, and we review that portion of a defendant's sentence for an abuse of that discretion. *Johnson v. State,* 845 N.E.2d 147, 153 (Ind.Ct.App.2006). A failure to preserve an issue for appeal usually results in a waiver. *Id.* However, a court on appeal may remedy an unpreserved error

when it determines the trial court committed fundamental error. *Id.* An improper sentence constitutes fundamental error and cannot be ignored on review. *Id.*

Ind.Code § 35–50–5–3(a) provides in relevant part as follows:

[I]n addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased. The court shall base its restitution order upon a consideration of: medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime.

The trial court ordered that restitution be made to "St. Margaret's [Hospital] for the account of Mr. George Mele." Tr. at 26. Defendant argues that this was improper because the statute requires that restitution be paid to the victim, victim's estate, or the family of a deceased victim. For purposes of this statute, "victim" is not defined. However, cases have held that "victim" can mean anyone or any entity who has suffered injury, harm, or loss as a direct and immediate result of the defendant's acts. *See e.g., Davis v. State,* 772 N.E.2d 535, 540 (Ind.Ct.App.2002). Medical insurers, insurance companies, and the State, have been found to fall under the category of "victim" for purposes of this statute. *See Little v. State,* 839 N.E.2d 807, 810 (Ind.Ct.App.2005)(medical insurer); *Henderson v. State,* 848 N.E.2d 341, 346 (Ind.Ct.App.2006)(insurance company); *Ault v. State,* 705 N.E.2d 1078, 1082 (Ind.Ct.App.1999)(the State).

In the present case, the trial judge stated in the restitution order that restitution was to be made to St. Margaret's Hospital for the account of Mr. George Mele. There was no evidence before the court that Mele had paid St. Margaret's Hospital for the treatment of the injuries inflicted on him by Defendant. To the extent Mele had already paid a portion of his medical bill, the hospital could reimburse him that amount. Ultimately, the restitution order was to satisfy the medical bills incurred by Mele at St. Margaret's Hospital because of Defendant's actions. The trial court did not err by directing the payment of restitution to be made to the hospital, rather than directly to Mele to forward then to the hospital.

As a final matter, the State notes that Defendant was on probation for an offense at the time the present offense was committed. Defendant's probation on the prior offense was revoked as a result of the conviction in the instant case. The trial court erred by failing to order that the sentence for this matter be served consecutively to the sentence for the prior conviction. *See* Ind.Code § 35–50–1–2(d). Therefore, this matter is remanded to the trial court for imposition of consecutive sentences.

Affirmed and remanded for imposition of consecutive sentences.

MAY, J., and VAIDIK, J., concur.