## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 19 2017, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Troy D. Warner
Deputy Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Travis Wayne Vena, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 19, 2017 <br><br> Court of Appeals Case No. <br> 71A03-1704-CR-867 <br><br> Appeal from the St. Joseph Superior Court. <br> The Honorable Julie Verheye, Magistrate. <br> Trial Court Cause No. <br> 71D03-1701-CM-195 |

**Barteau, Senior Judge**

# Statement of the Case

Travis Wayne Vena appeals his conviction of disorderly conduct, a Class B misdemeanor.[1] We affirm and remand.

# Issues

Vena raises two issues, which we restate as:

I. Whether the State presented sufficient evidence to rebut Vena's claim of self-defense.

II. Whether the trial court abused its discretion in ordering Vena to pay restitution.

# Facts and Procedural History

On the evening of January 7, 2017, Justin Rohr went to a bar with his housemates, Vena and Jesus Bueno. Vena and Bueno began arguing with Rohr, who was depressed over a recently-ended romantic relationship, so the three men left to go home. Vena and Bueno yelled at Rohr all the way home.

When they returned home, Rohr went down to the basement alone and smoked a cigarette. Next, he went upstairs to the kitchen, where Vena confronted him and said he needed to move out. Vena further told Rohr to return his key to the house. Rohr gave him the key and turned to leave the kitchen. Vena then hit Rohr three times while Rohr's back was turned, striking him in the head.

---

[1] Ind. Code § 35-45-1-3 (2014).

Rohr struck back at Vena and then went into the front room. Bueno confronted him as he tried to leave the house. As Rohr and Bueno struggled, Vena struck Rohr in the back of the head again, this time with a piece of wood. Rohr escaped outside, and Vena slammed the door in his face. Rohr went to his mother's house and then to the hospital to seek treatment for his injuries, which included a cut on the top of his head that required surgical staples. Later, a police officer came to the house to investigate. Vena initially denied that there had been a fight even though he had a swollen nose and blood on his hand.

Vena later presented a different version of events, claiming that Rohr was angry while they were at the bar, and when they returned home they argued and Rohr struck him first. Vena further claimed Rohr's attack led to a three-person scuffle, which in turn resulted in Rohr being ejected from the house.

The State charged Vena with disorderly conduct. The case was tried to the bench, and Vena argued self-defense. The magistrate determined Vena was guilty and imposed a sentence, which included an order of restitution for Rohr's medical bills. This appeal followed.

# Discussion and Decision

## I. Self-Defense

Vena argues his conviction must be reversed because the State failed to present sufficient evidence to rebut his claim of self-defense. A valid claim of self-defense is a legal justification for an otherwise criminal act. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). A person may use reasonable force against

another to protect himself or herself or a third person from what he or she reasonably believes to be the imminent use of unlawful force. Ind. Code § 35-41-3-2 (2013). To prevail on a claim of self-defense, a defendant must show he or she: (1) was in a place he or she had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wolf v. State*, 76 N.E.3d 911, 915 (Ind. Ct. App. 2017).

[9] When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements beyond a reasonable doubt. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. In reviewing a challenge to the sufficiency of the evidence to rebut a claim of self-defense, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We instead consider only the probative evidence and reasonable inferences drawn from the evidence that support the verdict. *Id.* A conviction despite a claim of self-defense will be reversed only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Id*.

[10] In this case, the State presented sufficient evidence for the finder of fact to determine beyond a reasonable doubt that the State had rebutted Vena's claim of self-defense. Per Rohr, Vena attacked him without provocation, thus instigating the violence, as Rohr attempted to leave the kitchen. Rohr had given his house key to Vena. Further, Rohr's injuries indicate he was attacked from behind, which tends to show Vena did not have a fear of great bodily

harm or death. Vena and Bueno continued to fight with Rohr as he attempted to leave the house, and Vena struck Rohr on the head with a piece of wood during the struggle. In addition, when questioned by the police Vena did not initially claim self-defense, choosing instead to falsely assert no fight had occurred.

[11] Vena points to testimony indicating that Rohr attacked him first. He further notes the police never found the piece of wood with which he struck Rohr. These arguments amount to a request to reweigh the evidence, which we cannot do. *See Tharpe v. State*, 955 N.E.2d 836, 845 (Ind. Ct. App. 2011) (State provided sufficient evidence to rebut self-defense; evidence favorable to judgment indicated defendant was the aggressor), *trans. denied*.

## II. Restitution

[12] Vena argues the trial court erred in ordering him to pay restitution to Rohr for Rohr's medical bills. When a court sentences a defendant for a felony or misdemeanor, the court may order the defendant to make restitution to a victim of the crime. Ind. Code § 35-50-5-3 (2014). Damages may include "medical and hospital costs incurred by the victim . . . as a result of the crime." *Id.* A restitution order is within the trial court's discretion, and we review that portion of a defendant's sentence for an abuse of discretion. *Mata v. State*, 866 N.E.2d 346, 349 (Ind. Ct. App. 2007). An abuse of discretion occurs if the court's decision is clearly against the logic and effects of the facts and circumstances before it. *Bennett v. State*, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007).

[13]    Vena argues the trial court should not have ordered him to pay restitution because Rohr was "the initial aggressor" in their struggle. Appellant's Br. p. 9. We disagree. Viewing the facts in the light most favorable to the judgment, Vena started the fight. Thus, Vena caused Rohr's injuries, and we find no abuse of discretion in the trial court's award of restitution.

[14]    We note there is an inconsistency in the trial court's orders regarding restitution. At trial, the State submitted bills showing Rohr incurred $1,314 in medical expenses due to the attack. The court stated, "I am going to order restitution in the amount of $1,314 . . . ." Tr. Vol. 2, p. 44. In both the order setting the terms of probation and in a docket entry, the court noted it ordered restitution in the amount of $1,314. However, as the State concedes, the court's order of judgment and restitution directs Vena to pay "$1324.00." Appellant's App. Vol. 2, p. 26. We conclude the reference to $1,324 is a scrivener's error and remand to the trial court to issue a corrected order of judgment and restitution.

## Conclusion

[15]    For the reasons stated above, we affirm the judgment of the trial court but remand with instructions to correct the order of restitution.

[16]    Affirmed and remanded.

Bradford, J., and Brown, J., concur.