## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2020, 11:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Frank E. Sholar, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 29, 2020

Court of Appeals Case No.
20A-CR-336

Appeal from the
Vigo Superior Court

The Honorable
John T. Roach, Judge

Trial Court Cause Nos.
84D01-1908-F6-2982,
84D01-1608-F4-2070

**Vaidik, Judge.**

# Case Summary

[1] Frank E. Sholar, Jr., appeals his two-year suspended sentence for Level 6 felony residential entry and Level 6 felony possession of methamphetamine, arguing that it is inappropriate. We affirm.

# Facts and Procedural History

[2] In August 2016, the State charged Sholar with Level 5 felony dealing in methamphetamine, Level 5 felony dealing in a look-alike substance, Level 6 felony possession of methamphetamine, Level 6 felony maintaining a common nuisance, Level 4 felony dealing in methamphetamine, and with being a habitual offender. *See* 84D01-1608-F4-2070 ("F4-2070"). In March 2017, Sholar pled guilty to one count of Level 4 felony dealing in methamphetamine. The court sentenced Sholar to nine years, with five years to serve in the Department of Correction and four years suspended to probation. The court recommended Sholar for Purposeful Incarceration and indicated that it would consider a sentence modification if Sholar successfully completed the program. Sholar completed Purposeful Incarceration, and in July 2018 his sentence was modified so that he would be released to probation with approximately five-and-a-half years of suspended time left to serve.

[3] In August 2019, the State filed the charges in this case—Level 6 felony residential entry and Level 6 felony possession of methamphetamine—after Sholar was found in a vacant house near a bag containing methamphetamine.

In addition to the new criminal charges, the State filed a notice of probation violation in F4-2070. Sholar was placed in Vigo County's Work Release Program for pre-trial placement. However, in December 2019, Sholar tested positive for methamphetamine and was sent to the Vigo County Jail.

[4]     In January of this year, Sholar pled guilty to the new charges and admitted to violating his probation in F4-2070. In sentencing Sholar, the trial court found three aggravators: Sholar has a long history of criminal and delinquent behavior; Sholar violated the terms of his probation; and Sholar violated the terms of his pre-trial placement. Sholar had ten felony convictions before this case, including eight that were drug-related. In addition to the dealing conviction in F4-2070, Sholar has felony convictions from 1999 (dealing cocaine or narcotic drug), 2004 (dealing cocaine or narcotic drug), 2008 (criminal confinement), 2008 (possession of cocaine or narcotic drug), 2008 (possession of methamphetamine), 2008 (drug possession), 2008 (dealing in cocaine or a narcotic drug), 2014 (battery), and 2017 (possession of methamphetamine). The court found two mitigators: Sholar's acceptance of responsibility and his history of mental illness (he was diagnosed with Schizophrenia, Major Depressive Disorder, Stimulant Use Disorder, and Borderline Personality Disorder). The court sentenced Sholar to two years for each of his new convictions, to be served concurrently, fully suspended to probation. In F4-2070, the court ordered Sholar to serve all of his suspended time, approximately five-and-a-half years, consecutive to the sentence in this case.

Sholar now appeals his two-year suspended sentence.

# Discussion and Decision

Sholar contends that his "7-1/2 year total sentence is inappropriate," Appellant's Br. p. 9, and asks us to revise it under Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." As an initial matter, the trial court's probation sanction of five-and-a-half years is not subject to review under Rule 7(B). *See Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008). Such sanctions are reviewable only for an abuse of discretion, and Sholar does not make an abuse-of-discretion argument. Therefore, our 7(B) review is limited to Sholar's two-year suspended sentence for the new convictions.

"Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[8] A person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two-and-a-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7(b). As such, the trial court could have sentenced Sholar to as much as five years for his two convictions. Instead, the court sentenced Sholar to two years for each Level 6 felony, to be served concurrently and suspended to probation.

[9] Regarding the nature of the offenses, Sholar's actions were not particularly egregious. However, his character alone justifies the trial court's sentence. Sholar has a long history of felony convictions dating back to 1999. Before this case, Sholar had ten felony convictions, eight of them drug-related. At the time of this offense, Sholar was on probation for a similar crime involving methamphetamine. Furthermore, when Sholar was put in a pre-trial work release placement while waiting for the resolution of this case, he tested positive for methamphetamine.

[10] To the extent Sholar argues that his sentence for the new convictions is inappropriate in light of the fact that he was also ordered to serve five-and-a-half years in the probation matter, we simply note that the sentence in this case could not have been much more lenient. First, Sholar did not receive the maximum sentence of two-and-a-half years for either of his new convictions, despite the serious aggravating circumstances. Second, the two-year sentences were ordered to be served concurrently, not consecutively. Third, the sentence was suspended to probation. And fourth, the trial court was required to order

the sentence in this case to run consecutive to the sanction in the probation matter pursuant to Indiana Code section 35-50-1-2(e).[1]

[11] For all of these reasons, Sholar has not convinced us that his sentence is inappropriate.

[12] Affirmed.

May, J., and Robb, J., concur.

---

[1] "If, after being arrested for one crime, a person commits another crime . . . before the date the person is discharged from probation imposed for the first crime, . . . the terms of imprisonment for the crimes shall be served consecutively." Ind. Code § 35-50-1-2(e); *Mata v. State*, 866 N.E.2d 346, 350 (Ind. Ct. App. 2007).