Barry N. GRAY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 69A05–0212–CR–601.

Court of Appeals of Indiana.

June 19, 2003.

John H. Watson, Public Defender, Sunman, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Barry N. Gray (Gray), appeals the sentenced imposed on him by the trial court.

We affirm.

*ISSUE*

Gray raises one issue on appeal, which we restate as follows: whether the trial court properly sentenced Gray.[1]

*FACTS AND PROCEDURAL HISTORY*

On May 18, 2001, the State charged Gray with Count I, home improvement fraud, a Class C felony, Ind.Code § 35–43–6–13(c)(1); Count II, theft, a Class D felony, I.C. § 35–43–4–2; Count III, home improvement fraud, a Class A misdemeanor, I.C. § 35–43–6–12(a)(3)(b)(1); and Count IV, habitual offender, I.C. § 35–50–2–8. These charges resulted from Gray taking money from two different elderly men, Muncie Beverly and Elmer Weise, for home improvements and then either not completing the work or not doing any work at all for the money paid. The offenses in the present case, and similar offenses in Jefferson County, were committed after Gray was released on bail for similar charges in Vanderburgh County.

On March 27, 2002, a jury trial was set for October 1 and October 2, 2002. On September 24, 2002, Gray filed a Motion for Severance of Counts to sever Count II, theft, a Class D felony, and Count III, home improvement fraud, a Class C felony. On September 30, 2002, the trial court granted Gray's motion and ordered Count II, theft, a Class D felony, to be tried on October 1, 2002, and Count III, home improvement fraud, a Class A misdemeanor, rescheduled. On October 1, 2002, the State amended Count I, reducing the home improvement fraud count from a Class C felony to a Class D felony, pursuant to I.C.

---

1. On July 19, 2002, our Supreme Court amended Appellate Rule 7(B) effective January 1, 2003. The rule is directed to the reviewing court and is made as of the date the decision or opinion is handed down. Accord-

ingly, although the sentence here was imposed prior to January 1, 2003, our review has taken place as of this date and the "inappropriate" test is therefore applied.

§ 35–43–6–13(b), and amended the habitual offender information. On that same date, Gray pled guilty to Count I, home improvement, a Class C felony; Count II, theft, a Class D felony, and amended Count IV, habitual offender.

On October 25, 2002, the Pre–Sentence Investigation Report was filed. The Pre–Sentence Investigation Report showed that Gray had several home improvement fraud and theft convictions in several counties in Indiana. Additionally, on that same date, a Supplemental Pre–Sentence Investigation Report was filed that contained a letter from Gray expressing his remorse.

On October 30, 2002, a sentencing hearing was held. At the sentencing hearing, the State recommended a total sentence of ten and one-half years, with three years suspended. Gray requested that the trial court accept the State's recommendation. After considering the Pre–Sentence Investigation Report and all of the evidence presented, the trial court imposed, in pertinent part, the following sentence:

> Mr., uh, Gray has an extensive criminal history which involves exactly the same sort of thing for which he stands convicted here today and would indicate to this Court that, uh, he is not as he maintains in his letter a bad businessman, he is a crook. Also contrary to what he maintains, it appears that the money didn't even go to the drugs that he claims he has a problem with, but to gambling. And that money didn't go to his daughter who he maintains he cared so much for. And I cannot personally see any particular reason why any of his sentence should be suspended. However, since both parties seem to think that's appropriate and both parties are urging the Court to do so in some vain [sic] hope that he will repay some of this money, which I also doubt, I will sentence him to three years on each of the

Class D felony counts, four and a half years on the habitual offender count. I'll suspend three years on the, on Count II, place him on probation for a period of three years. I direct the sentence be served consecutively to that in Jefferson County and to that in Vanderburgh County.

(Transcript pp. 16–17). Thus, the trial court sentenced Gray to the Indiana Department of Correction for a total of ten and one-half years with three years suspended. Gray was ordered to serve three years on probation.

Gray now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

At the outset, we note that sentencing decisions are within the trial court's discretion, and will be reversed only upon a showing of abuse of discretion. *Powell v. State*, 751 N.E.2d 311, 314 (Ind. Ct.App.2001). The trial court's sentencing discretion includes the determination of whether to increase presumptive penalties. *Madden v. State*, 697 N.E.2d 964, 967 (Ind. Ct.App.1998), *trans. denied.* In doing so, the trial court determines which aggravating and mitigating circumstances to consider, and is solely responsible for determining the weight to accord each of these factors. *Perry v. State*, 751 N.E.2d 306, 309 (Ind.Ct.App.2001). The sentencing statement must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating and mitigating; and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators. *Powell*, 751 N.E.2d at 315. We examine both the written sentencing order and the trial court's comments at the sentencing hearing to

determine whether the trial court adequately explained the reasons for the sentence. *Id.* A sentence enhancement will be affirmed, if after due consideration of the trial court's decision, this court finds that the sentence was appropriate in light of the nature of the offense and the character of the offender. *See* Ind. Appellate Rule 7(B); *See Rodriguez v. State,* 785 N.E.2d 1169, 1174 (Ind.Ct.App.2003).

## II. *Imposition of an Enhanced Sentence:*

Gray argues that he was improperly sentenced. Specifically, Gray contends that the trial court failed to recognize any of the proffered mitigating factors when imposing his enhanced sentence. Alternatively, the State maintains that the trial court properly declined to attach any significant weight to Gray's proffered mitigating factors.

In the present case, Gray received ten and one-half years with three years suspended to probation for his conviction. The presumptive sentence for a Class D felony is one and one-half years, with not more than one and one-half years added for aggravating circumstances or not more than one year subtracted for mitigating circumstances. *See* I.C. § 35–50–2–7. In support of its sentence, the trial court noted the following aggravating factors: "1. Defendant's prior criminal history." (Appellant's App. p. 96). The trial court did not recognize any mitigating circumstances. Gray now attempts to claim that the trial court erred by failing to take into account any of the proffered mitigating circumstances. Specifically, Gray maintains that the trial court failed to consider (1) his remorse, as expressed by Gray in a letter proffered to the trial court; (2) his entry of a guilty plea to the charges; and (3) the hardship imposed on his dependents by his incarceration.

An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Firestone v. State,* 774 N.E.2d 109, 114 (Ind.Ct.App.2002). Additionally, trial courts are not required to include within the record a statement that it considered all proffered mitigating circumstances, only those that it considered significant. *Id.* at 115.

First, Gray contends that the trial court should have considered his remorse as indicated by his proffered letter to the trial court as a significant mitigating factor. However, we find that this proposed mitigator is not significant. The record reveals that Gray has a history of home improvement fraud scams perpetrated upon elderly people. Specifically, Gray was convicted in Jefferson County and Vanderburgh County of the same offense. Although Gray claims remorse in his proffered letter by claiming that he was a bad businessman, we agree with the trial court and reject this characterization of Gray's actions. As previously stated, a trial court does not err in failing to find a mitigating factor unless it is both significant and clearly supported by the record. *Firestone,* 774 N.E.2d at 114. Our review of the record reveals that Gray is not remorseful for his actions evidenced by repeated instances of his conduct. Thus, we find that the trial court properly declined to attach any significant weight to this proffered mitigator.

Gray also argues that the trial court erred by not attaching any significant weight to his guilty plea. We have previously stated that although a guilty plea is not automatically a significant mitigating factor, where the State reaps a substantial benefit from the defendant's

plea, the plea saves court time and the victim is spared the trauma of a trial, the defendant should have a substantial benefit returned. *Farmer v. State*, 772 N.E.2d 1025, 1027 (Ind.Ct.App.2002). However, a guilty plea is not automatically a significant mitigating factor. *Mull v. State*, 770 N.E.2d 308, 314 (Ind.2002); *see also Davies v. State*, 758 N.E.2d 981, 987 (Ind.Ct. App.2001), *trans. denied* (affirming the trial court's refusal to find defendant's guilty pleas as a mitigating circumstance when the record indicated that the plea was "more likely the result of pragmatism than acceptance of responsibility and remorse").

Such is the case here. Gray, not the State, received a substantial benefit from his guilty plea. Specifically, the record reveals that Gray pled guilty after Count I, home improvement fraud, a Class C felony, was reduced to a Class D felony. Moreover, Gray did not plead guilty until the morning of October 1, 2002, which was the morning scheduled for the jury trial. Thus, judicial resources and time were still spent on Gray. *See Farmer*, 772 N.E.2d at 1027 Under these circumstances, we do not believe the trial court abused its discretion in according no weight to Gray's guilty plea. *See Mull*, 770 N.E.2d at 314.

■ Lastly, Gray contends that the trial court should have considered the hardship upon his dependent daughter and father, who had a life threatening illness, in enhancing his sentence. However, we have previously held that the trial court is not required to find mitigating factors or to accept as mitigating the circumstances proffered by the defendant. *Powell*, 751 N.E.2d at 317; *Rodriguez*, 785 N.E.2d at 1178. Specifically, the trial court is not required to find that a defendant's incarceration would result in undue hardship upon his dependants. *See Allen v. State*, 743 N.E.2d 1222, 1237 (Ind.Ct.App.2001), *reh'g denied, trans. denied.* Again, we note that only when the trial court fails to

find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was overlooked. *Rodriguez*, 785 N.E.2d at 1179.

■ Here, the trial court did not mention in its oral or written sentencing statement the hardship on Gray's dependents due to his incarceration as a significant mitigating circumstance. However, the record indicates that Gray's daughter was living with her mother. The record further reveals that Gray spent his money on gambling, not on care for his daughter or father. Additionally, even the minimum executed prison term that Gray could have received would still result in a loss of financial support to his daughter and father for a period of time. *See Battles v. State*, 688 N.E.2d 1230, 1237 (Ind.1997) (declining to attach any significant weight to proffered mitigating circumstance between presumptive and enhanced sentence would not impose much, if any, additional hardship on the child). Therefore, we find that the trial court properly declined to attach any significant weight to this proffered mitigating circumstance. *See Rodriguez*, 785 N.E.2d at 1179; *See Powell*, 751 N.E.2d at 317.

Furthermore, our review of the record reveals that at the sentencing hearing, Gray specifically requested that the State's recommendation of ten and one-half years imprisonment, with three years suspended, be accepted. As we have previously observed, retaining a benefit while relieving oneself of the burden of the plea agreement "would operate as a fraud upon the court." *Spivey v. State*, 553 N.E.2d 508, 509 (Ind.Ct.App.1990). Thus, Gray received the sentence that he agreed to.

With all of this in mind, it is our determination that the trial court did not abuse its discretion when sentencing Gray. *See Powell*, 751 N.E.2d at 314. Here, the trial court properly demonstrated that aggravating circumstances existed to enhance

Gray's sentence and declined to attach any significant weight to the proffered mitigating circumstances. Therefore, the trial court properly evaluated Gray's aggravating and proffered mitigating circumstances when it imposed an enhanced sentence.

After due consideration of the trial court's decision, we find that Gray's sentence was appropriate in light of the nature of the offense and the character of the offender. *See* App. R. 7(B); *See Rodriguez,* 785 N.E.2d at 1174.

### CONCLUSION

Based on the foregoing, we conclude that the trial properly evaluated Gray's aggravating and proffered mitigating circumstances, and therefore, the enhanced sentence was not inappropriate.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.