**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



**FILED**
Jul 24 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KEITH CRAWFORD,                              )
                                             )
    Appellant-Defendant,                     )
                                             )
          vs.                            )    No. 49A04-1112-CR-648
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.                      )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1106-FA-42703

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Keith Crawford ("Crawford") appeals from his sentence for one count of dealing cocaine[1] as a Class A felony, contending that the trial court abused its discretion in failing to find the hardship his incarceration would cause to his mother from losing the assistance he provided to her in caring for Crawford's paraplegic sister as a mitigating circumstance.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts relevant to this appeal reveal that the State proved at trial that Crawford knowingly delivered 0.0954 grams of cocaine to an undercover police officer within one thousand feet of Indianapolis Public School #54 on September 21, 2010. Although the jury found Crawford guilty of two charges, the trial court entered judgment of conviction only on the count alleging that Crawford had committed the offense of dealing in cocaine as a Class A felony, finding that the other charge merged with that count. At the conclusion of Crawford's sentencing hearing, the trial court imposed a sentence of thirty years executed in the Department of Correction with ten years suspended to probation and credit for time served prior to sentencing. Crawford now appeals his sentence.

## DISCUSSION AND DECISION

Trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id.* If the recitation includes a

---

[1] *See* Ind. Code § 35-48-4-1.

2

finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.*

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

One way in which a trial court may abuse its discretion is by failing to enter a sentencing statement at all. *Id.* Other examples include entering a sentencing statement that explains reasons for imposing a sentence, including a finding of aggravating and mitigating factors if any, but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. *Id.* at 490-91. Because the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors. *Id.* at 491.

Once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then "impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana." Ind. Code § 35-38-1-7.1(d). If the sentence imposed is lawful, this court will not reverse unless the sentence is inappropriate based on the character of the offender and the nature of the offense. Ind. Appellate Rule 7(B); *Boner v. State*, 796 N.E.2d 1249, 1254 (Ind. Ct. App.

3

2003). The burden is on the defendant to persuade this court that his sentence is inappropriate. *Patterson v. State*, 909 N.E.2d 1058, 1063 (Ind. Ct. App. 2009).

Crawford argues that the trial court abused its discretion by failing to find as a mitigating circumstance the hardship that would be caused to his mother in the event he received a sentence providing for a lengthy period of incarceration. The sentencing range for a Class A felony is a fixed term of between twenty and fifty years with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. In this case, the trial court sentenced Crawford to a fixed term of thirty years, with ten years suspended to probation.

At his sentencing hearing, Crawford presented testimony from his mother, Ada Anderson, about her reliance upon Crawford for help. She testified that Crawford helped her take care of her paraplegic daughter and served as a maintenance man at the childcare business she operated. She testified that he had been working for her for approximately eighteen years. On appeal, Crawford argues that the trial court abused its discretion by failing to find as a mitigating circumstance the hardship Crawford's long-term incarceration would cause his mother. We disagree.

In the trial court's oral sentencing statement, the trial court expressed its consideration of several factors. The trial court noted Crawford's criminal history and that his current conviction was his twenty-fourth adult conviction, and fourth felony conviction. The trial court also considered the particular circumstances of the crime and concluded that Crawford's actions more closely resembled the acts prohibited by statute than most cases. Crawford had to walk across the street near a school and completed the transaction while children were playing on the playground while school was in session. The trial court

4

observed that, while the amount of cocaine delivered was a relatively small amount, because of Crawford's prior criminal history, he was required to serve at least twenty years in the Department of Correction. Immediately prior to imposing the sentence, the trial court addressed the topic of Crawford's assistance to his mother and the care required by his sister.

We note that trial courts are not required to state that all proffered mitigating circumstances were considered, just those that are considered to be significant. *Gray v. State*, 790 N.E.2d 174, 177 (Ind. Ct. App. 2003). Furthermore, a trial court is not required to find mitigating factors or to accept as mitigating the circumstances proffered by a defendant. *Id*. at 178. That said, the trial court's oral sentencing statement in this case reflects that the trial court considered the argument that Crawford's mother and sister needed his assistance. Although the trial court did not explicitly label the factors considered as aggravating or mitigating, such was reflected in the actual sentence imposed. The trial court imposed the advisory sentence and then suspended ten years of that sentence to probation. The executed portion of Crawford's sentence was the minimum provided for by statute, which Crawford acknowledged could not be suspended further due to his criminal history. Moreover, his criminal history and the particular circumstances of the crime, alone or in combination, would have justified an enhanced sentence. We conclude that the trial court did not abuse its discretion when sentencing Crawford.

Affirmed.

BAKER, J., and BROWN, J., concur.

5