**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**NANCY A. MCCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN C. CUPERY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  20A03-1212-CR-547 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT NO. 5
The Honorable Charles Carter Wicks, Judge
Cause No. 20D05-0803-FD-84

**July 2, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-defendant Steve C. Cupery was charged with Possession of Cocaine,[1] a class D felony.  Cupery entered into a plea agreement, whereby he pleaded guilty as charged in exchange for the dismissal of an unrelated case and to a thirty-month cap on any sentence imposed in the instant case.  However, other than the sentencing cap, sentencing was left to the trial court's discretion.  The trial court identified Cupery's criminal history as an aggravating circumstance and his guilty plea as a mitigating circumstance.  Finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Cupery to two years of incarceration.

Cupery appeals his two-year sentence, arguing that it is inappropriate in light of the nature of the offense and his character.  Specifically, Cupery alleges that his sentence should be reduced to no more than the advisory term for several reasons:  (1) his addiction to pain medication was a gateway to his addiction to cocaine; (2) he had voluntarily attended outpatient therapy and was drug free at the time of sentencing; (3) he accepted responsibility for his actions and entered a plea of guilty; (4) the conviction was suspendible, and Cupery's assessment showed he has a low risk of offending; (5) there were several letters presented to the sentencing court that showed his caring attitude and community involvement; and (6) two of the aggravators considered were related to cases from approximately thirty years ago.  Concluding that Cupery was appropriately sentenced and finding no other error, we affirm the judgment of the trial court.

---

[1] Ind. Code § 35-48-4-6(a).

FACTS

On June 19, 2007, Cupery possessed less than three grams of cocaine. On March 6, 2008, the State charged Cupery with class D felony possession of cocaine. Thereafter, on September 25, 2008, Cupery failed to appear for a status conference. The trial court issued a bench warrant for Cupery's arrest, and Cupery was extradited to Indiana from Florida in January 2012.

On October 31, 2012, Cupery agreed to plead guilty as charged in exchange for the dismissal of an unrelated case and to a thirty-month cap on any sentence imposed in the instant case. During the plea hearing, the trial court determined that Cupery was not mentally ill or under the influence of drugs or alcohol and that his decision to plead guilty was knowing and voluntary. The trial court further advised Cupery of the nature of the offense and the possible sentence that could be imposed, which could range from six months to three years with the standard advisory sentence being eighteen months, and that by pleading guilty he did commit the crime as alleged. The trial court established a factual basis for Cupery's plea and took the plea under advisement before accepting it on December 3, 2012.

At the sentencing hearing on December 3, 2012, Cupery submitted letters reflecting on his character and participation in the Elkhart community. In mitigation, Cupery argued that he pleaded guilty and was remorseful. Cupery also pointed out that he had been sober and drug free for approximately twenty years and that it was not until his doctor prescribed pain medication for his migraines that he had become addicted to

cocaine. Consequently, he sought treatment in the Salvation Army Turning Point Residential program followed by intensive outpatient therapy.

The trial court found Cupery's prior conviction for class D felony delivery of marijuana and three violations of probation as aggravating circumstances, and it found as a mitigating circumstance Cupery's guilty plea. The trial court determined that the aggravating factors outweighed the mitigating factor and sentenced him to six months above the advisory term. More particularly, Cupery was sentenced to two years of incarceration at the Department of Correction. Cupery now appeals.

DISCUSSION AND DECISION

I. Abuse of Discretion[2]

Cupery argues the trial court erred by failing to consider mitigating factors he felt were significant and by considering two aggravating factors that he claims were too remote.

Sentencing decisions are within the sound discretion of the trial court and are reviewed only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences drawn therefrom. Id. A trial court may abuse its discretion by failing to enter a sentencing statement, entering a sentencing statement that explains

---

[2] Interspersed within Cupery's inappropriate sentence argument is substantial analysis under the abuse of discretion standard. This is a common mistake. However, to be clear, an inappropriate sentence analysis should not contain references to the abuse of discretion standard. King v. State, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Thus, we address that argument separately.

reasons for imposing a sentence that the record does not support, omitting reasons that are clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law. Id. at 490-91.

The trial court found Cupery's guilty plea as a mitigating factor. Cupery contends, however, that the trial court failed to also consider as mitigating circumstances the circumstances that led to his drug addiction, that he voluntarily attended outpatient therapy and was drug free at the time of sentencing, that he accepted responsibility for his actions and entered a guilty plea, that his conviction was suspendible, that his assessment showed he has a low risk of offending, and the letters presented to the trial court that showed Cupery's good character and the help he renders to the community.

Although the failure to find mitigating circumstances that are clearly supported by the record may suggest they were overlooked, a trial court does not have to afford the same credit or weight to the proffered mitigating circumstances as a defendant may suggest. Thacker v. State, 709 N.E.2d 3, 10 (Ind. 1999). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is significant and clearly supported by the record. Gray v. State, 790 N.E.2d 174, 177 (Ind. Ct. App. 2003). Notwithstanding Cupery's contention, if the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. Anglemyer, 868 N.E.2d at 493. We note that in Anglemyer, our Supreme Court held that "because the trial court no longer has any obligation to 'weigh' aggravating and

5

mitigating factors against each other when imposing a sentence . . . , a trial court cannot now be said to have abused its discretion in failing to 'properly weigh' such factors." 868 N.E.2d at 491.

In this case, the trial court did not ignore nor fail to consider the mitigating circumstances as Cupery alleges. To the contrary, the trial court's designation of aggravating and mitigating circumstances shows that it did consider the factors Cupery claims are mitigating circumstances. More particularly, the trial court found that the letters and the other factors argued by Cupery were not significant and, thus, were not factors influencing the trial court's sentencing decision. This was within the trial court's discretion.

Cupery also contends that two of the aggravating circumstances that the trial court considered related to prior convictions that were entered nearly thirty years ago and thus too remote to be significant. The chronological remoteness of a defendant's prior criminal history should be taken into account. Buchanan v. States, 767 N.E. 2d 967, 972 (Ind. 2002). However, "we will not say that remoteness in time, to whatever degree renders a prior conviction irrelevant." Id. The remoteness of prior criminal history does not preclude the trial court from considering it as an aggravating circumstance. Id. The trial court could view the remoteness of the defendant's criminal history as a mitigating circumstance, or on the other hand, it could find the remoteness as irrelevant in its consideration of the criminal history as an aggravating circumstance. Id. Either opinion by the trial court would be within the ambit of its discretion. Id.

6

In this case, the trial court found that the remoteness of Cupery's prior conviction had no effect when it considered his criminal history as an aggravating circumstance. The fact that the criminal act was committed many years ago does not negate the fact that the crime was committed. Thus, the trial court had discretion in deciding whether to consider it. Notwithstanding its remoteness, we decline to find that the trial court abused its discretion by including those older convictions as an aggravating circumstance.

## II. Appropriateness of Sentence

Although citing Indiana Appellate Rule 7(B), Cupery tells us nothing about the nature of the offense and little about his character. Instead, Cupery merely insists his sentence should be reduced to either the advisory sentence or less.

Although a trial court may have acted within its lawful discretion in sentencing a defendant, Article VII, Section 6 of the Indiana Constitution gives this Court constitutional authority to review and revise sentences. This appellate authority is implemented through Appellate Rule 7(B), which provides that: "The court shall not revise a sentence authorized by statute unless the sentence is unreasonable in light of the nature of the offense and the character of the offender." Our Supreme Court has said that "a defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." Childress v. State, 848 N.E.2d 1073, 1080, (Ind. 2006).

The advisory sentence is the starting point to determine the appropriateness of a sentence. Anglemyer, 868 N.E.2d 482, 494 (Ind. 2007). The advisory sentence for

7

possession of cocaine, a class D felony, is one and one-half years with a sentencing range from six months to three years. Ind. Code § 35-50-2-7. Cupery was sentenced to two years, which is six months above the advisory term. When considering the appropriateness of a sentence, a highly relevant fact is the defendant's criminal history. Bailey v. State, 979 N.E.2d 133, 143 (Ind. 2012). Here, Cupery has an extensive criminal history, much of which is drug related, and Cupery has repeatedly violated our laws since 1982. In 1983, Cupery was convicted of class D felony delivery of marijuana, an offense relating to the current offense. Cupery also had a felony conviction that was reduced to a misdemeanor and was convicted of several additional misdemeanors, including three violations of his probation. In light of Cupery's lengthy criminal history and multiple probation violations, it is apparent that he has no respect for the law and continues to reoffend. As a result, we decline to find Cupery's sentence inappropriate.

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.