## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 06 2016, 7:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Alan L. Whitted
Alex R. Whitted
Whitted Law, LLC
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin E. Groover,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

September 6, 2016

Court of Appeals Case No.
03A01-1603-CR-706

Appeal from the Bartholomew
Superior Court

The Hon. Kathleen T. Coriden,
Judge

Trial Court Cause No. 03D02-1503-
F6-1512

**Bradford, Judge.**

## Case Summary

[1]     In March of 2015, Appellant-Defendant Kevin Groover attempted to steal several items from a Columbus Walmart but was observed by an employee.

When confronted in the parking lot, Groover drove off with his young son in the car but was soon stopped by police. When deputies attempted to detain Groover, he forcibly resisted and threatened one of them. Groover ultimately pled guilty to Level 6 felonies resisting law enforcement, theft, and intimidation and Class A misdemeanors resisting law enforcement and criminal trespass. The trial court sentenced Groover to an aggregate three-and-one-half-year sentence. Groover contends that the trial court's sentencing statements were insufficiently detailed. Because we disagree, we affirm.

# Facts and Procedural History

[2] On October 5, 2014, Groover was "trespassed"[1] from all Walmart stores for a period of one year, a fact of which he was aware. Tr. p. 53. On March 6, 2015, Groover entered a Walmart store in Columbus without having a contractual interest in the property. Groover, who brought his young son, was observed by Walmart asset protection officer Mason Cochran opening an electronics box, removing an adapter, and concealing it on his person. Groover then selected some merchandise from the toy department, a pair of shoes, and bottle of Jack Daniels, all of which he put in a plastic Walmart bag he removed from his pocket. Groover then left the Walmart without paying for the merchandise.

---

[1] This apparently means that Groover was informed that he was not welcome on Walmart property and would be subject to prosecution for criminal trespass if found there.

[3] Cochran confronted Groover in the parking lot, but Groover refused to return to the store. Groover put his child into his car and then "recklessly pulled out, … almost hit[ting] two vehicles in the parking lot as he sped off." Tr. p. 62. By this point, Cochran was on the telephone with police, to whom he related Groover's direction of travel. Bartholomew County Sheriff's Deputy Leah Burton was nearby and responded almost immediately. Groover led Deputy Burton on a brief chase before stopping in a driveway and slinging open the driver's side door.

[4] Groover approached Deputy Burton saying that he had not done anything, and she ordered him to return to his car. Groover, very upset and shaking, returned to his car, followed by Deputy Burton. When Groover announced that he was going to light a cigarette, Deputy Burton told him that he could not and that he could wait until they were done. Groover began reaching for items in the car, and then reached behind his back.

[5] Deputy Burton grabbed Groover's left arm and told him to put his arms behind his back. Groover began yelling and "pushing and pulling" against Deputy Cochran. Tr. p. 70. After Deputy Teancum Clark arrived as backup, the deputies were able to handcuff Groover, who continued to fight with the deputies. Groover communicated a threat to Deputy Clark in retaliation for a prior lawful act within the scope of his law-enforcement duties.

[6] On March 24, 2015, Appellee-Plaintiff the State of Indiana charged Groover with Level 6 felony resisting law enforcement and Class A misdemeanors

resisting law enforcement and criminal conversion. On November 4, 2015, the State amended the criminal conversion charge to Level 6 felony theft and added charges for Level 6 felonies neglect of a dependent, intimidation, and resisting law enforcement and Class A misdemeanor criminal trespass. On February 19, 2016, Groover pled guilty to Level 6 felonies resisting law enforcement, theft, and intimidation and Class A misdemeanors resisting law enforcement and criminal trespass.

[7] On March 18, 2016, the trial court sentenced Groover to two years of incarceration for Level 6 felony resisting law enforcement, a concurrent one and one-half years for theft, a consecutive one and one-half years for intimidation, and a concurrent one year for criminal trespass, for an aggregate sentence of three and one-half years. In sentencing Groover, the trial court stated:

> And Mr. Groover you've heard both the State's recitation of what they believe the aggravators are and I am in agreement with the prosecutor as to those aggravators. The fact that you are employed at this point is a mitigator but it's not enough to take you away from the DOC. Your actions sir were reckless, exceptionally dangerous. Both the prosecutor and [defense counsel] have pointed out the obvious in that your record is substantial and many of the crimes that you have been charged with and or convicted of are crimes of dishonesty. I don't find your pleading the day of the trial as a mitigator. We had the entire jury here, ready to go to trial so the fact that you pled that morning is not a mitigator in my mind.

Tr. p. 91.

[8] The trial court also issued a written sentencing order which included the following:

> Aggravators: lengthy criminal history, crimes of dishonesty, violated while on probation in the past, child with Defendant while committed crimes for which he entered guilty plea, used the child as a reason to sidestep the consequences of his action and then acted recklessly with the child in his automobile.
>
> Mitigators: The court finds his guilty plea to be of no consequence as the jury was in the courtroom ready to hear the case. The Court does not find the state's exercise of prosecutorial discretion in filing additional charges against Mr. Groover as a mitigating factor (nor does the court find [defense counsel's] handling of the case was in any way inappropriate) although the court does not disagree that the state's characterization that it's position could be considered heavy-handed.

Appellant's App. p. 10.

# Discussion and Decision

[9] Groover contends that the trial court abused its discretion in failing to enter a sufficiently detailed sentencing statement. Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). We review the sentence for an abuse of discretion. *Id*. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

[10] A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a

sentence–including a finding of aggravating and mitigating factors if any–but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id*. at 490-91. There is no requirement that a trial court generate a list of aggravating and mitigating circumstances, only that it state reasonably detailed reasons. *Id.* at 490. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id*.

[11] We conclude that the trial court's sentencing statements, both oral and written, are sufficient. In its oral statement, the trial court accepted the State's proposed aggravating circumstances, which it then detailed in its written order: Groover's criminal history, his commission of crimes of dishonesty, his child was with him when he committed his crimes, he used his child to try to avoid the consequences of his actions, and he acted recklessly with his child in his car. Of these, Groover seems to challenge only the lack of detail in the trial court's statement regarding his criminal history. Because at least some of the particulars of Groover's criminal record appear elsewhere in the record, however, we will not require the trial court to recite them again in detail. The State provided details of Groover's criminal history in its sentencing

memorandum, none of which Groover disputed. According to that memorandum, Groover has prior convictions, dating back to 1997, for false informing, three counts of conversion, check deception, battery, and interference with the reporting of a crime and had a pending charge of theft when sentenced in this case. It is sufficient that the trial court cited Groover's "lengthy criminal history" as an aggravating circumstance.

[12] Groover also argues that the trial court did not adequately explain why it rejected his guilty plea as a mitigating circumstance. In both statements, the trial court clearly explained that it was not giving Groover's guilty plea any mitigating weight because he waited until the jury was selected on the morning of trial to do so. *See, e.g.*, *Gray v. State*, 790 N.E.2d 174, 178 (Ind. Ct. App. 2003) (concluding that guilty plea on day of trial was not entitled to significant mitigating weight). Groover points to his previous attempt to plead guilty in October of 2015, approximately four months prior to his trial date. The record indicates that Groover's attempted plea in October was a pragmatic decision, however, made in the hopes of pleading guilty in exchange for the State not filing additional charges. Groover notes that the trial court would not permit him to plead guilty in October of 2015 because Groover was taking pain medication that might diminish his capacity to understand the proceeding. There is no dispute, however, that Groover was capable of pleading guilty in February of 2016 and no evidence that he was incapacitated the entire interim. Yet, Groover made no further attempt to plead guilty until the morning of trial. Given this record, the trial court's statement regarding Groover's guilty plea

and its rejection of it as a proffered mitigating circumstance was adequate. The trial court's sentencing statements were adequate.

[13] We affirm the judgment of the trial court.

Pyle, J., and Altice, J., concur.