## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 12 2020, 9:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Angelus T. Kocoshis<br>Muncie, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Tina L. Mann<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Eddie Vance, III,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 12, 2020<br><br>Court of Appeals Case No.<br>20A-CR-221<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Kimberly S. Dowling, Judge<br><br>Trial Court Cause No.<br>18C02-1803-F5-35 |

**Tavitas, Judge.**

# Case Summary

Eddie Vance III appeals his conviction for Count II, battery resulting in serious bodily injury, a Level 5 felony, and his aggregate ten-year sentence for two counts of battery resulting in serious bodily injury, Level 5 felonies. We affirm.

# Issues

Vance presents two issues for our review, which we revise and restate as follows:

> I. Whether the evidence is sufficient to sustain Vance's conviction.
>
> II. Whether the trial court abused its discretion in sentencing Vance.

# Facts

On February 12, 2018, Jarod Upchurch went to the home of his friend and co-worker, Lyndon Rumfelt. While at Rumfelt's home, the men consumed "a lot" of beer and apple pie moonshine. Tr. Vol. II p. 137. Sometime after 1:00 a.m. on February 13, 2018, Upchurch left Rumfelt's home.[1] Upchurch and Rumfelt agreed that Upchurch would call Rumfelt and let him know when Upchurch made it home.

---

[1] At trial, Upchurch conceded that, due to his intoxication level, he "shouldn't have been driving." Tr. Vol. II p. 149.

[4] On the way home, Upchurch decided he wanted to have another drink and stopped at Gene's Bar ("Gene's"). Upchurch called Rumfelt and advised Rumfelt that he decided to stop at Gene's for a drink. Rumfelt woke his wife, Michelle Rumfelt ("Michelle"), and Michelle drove Rumfelt to Gene's to pick up Upchurch because Rumfelt wanted to ensure Upchurch made it home safely. Once at Gene's, Michelle remained inside the vehicle while Rumfelt went inside to retrieve Upchurch.

[5] Rumfelt located Upchurch inside the bar. Vance and others, including Andre Anthony, were sitting at the bar inside Gene's, and some sort of disagreement ensued.[2] Security camera footage from inside Gene's shows that the disagreement continued as Rumfelt and Upchurch moved toward the exit with Anthony and Vance following behind. Once the men arrived at the exit,[3] a physical altercation began. Before Vance moved outside to the parking lot, Vance removed his jacket.

[6] The end of the battery was captured on Gene's outside security camera. The video shows Vance hitting Rumfelt while Rumfelt was on the ground. The video also shows Upchurch being pushed out of the door from Gene's and into

---

[2] Several witnesses relayed varying accounts of how the argument ensued and, namely, whether Rumfelt and Upchurch or Vance and Anthony were the first aggressors. It is clear from the security camera footage inside Gene's, which does not have audio, that Vance, Rumfelt, and Upchurch were engaged in a conversation before the disagreement began. Regardless, because Vance only raises issues as to Upchurch's injuries, and not the battery itself, we will not detail the witnesses' inconsistencies here.

[3] There is a short hallway or breezeway separating the entry door to the bar area and the door that exits to the parking lot of Gene's.

the parking lot. Vance subsequently kicked Upchurch twice and at least once on the head.[4] The video depicts Vance going back inside the bar, retrieving his beer mug, exiting Gene's, and smashing the beer mug over Rumfelt's head. Finally, the video footage reveals Vance pulling out his phone and taking a video of Rumfelt and Upchurch. Michelle, who witnessed the battery from her vehicle and was without her cell phone, drove to a nearby restaurant and asked an unidentified individual to call 911. Michelle then returned immediately to Gene's.

[7] Officer Jeremy Gibson, with the Muncie Police Department, was dispatched to Gene's at approximately 2:33 a.m. Officer Gibson arrived to find Rumfelt and Upchurch lying on the ground outside Gene's. According to Officer Gibson, both men were disoriented and had abrasions and blood on their faces and, accordingly, Officer Gibson called for an ambulance. Officer Gibson also took photographs of Rumfelt's and Upchurch's injuries once they arrived at the hospital.

[8] On August 19, 2019, the State filed an amended charging information, charging Vance with two counts of battery causing serious bodily injury, Level 5 felonies.[5] Count I related to Vance's battery of Rumfelt, and Count II related to Vance's battery of Upchurch.

---

[4] Andre Anthony was also arrested in connection with the events at Gene's.

[5] The initial charging information, filed on March 22, 2018, charged Vance with the injuries to both Rumfelt and Upchurch under the same charging information. The State amended the charging information on March

[9] At trial, witnesses testified to the foregoing facts. Upchurch testified that he recalled ordering a beer at Gene's and that his next memory was lying on the sidewalk in front of Gene's. When asked whether Upchurch experienced pain when he woke up, Upchurch answered affirmatively. When asked whether the pain was "[e]xtreme," Upchurch answered the pain was "[m]oderate." *Id.* at 142. Upchurch testified that he suffered a concussion, had abrasions on his skin, and was in pain for approximately one week. Upchurch also testified that he continues to experience short term memory loss and a permanent "popping" in his jaw while eating.[6] *Id.* at 143.

[10] Upchurch's and Rumfelt's medical records were admitted into evidence. Upchurch's medical records noted a "laceration and direct blow" on the "scalp, face[, and] mouth." Conf. Ex. Vol. I p. 27. The medical records stated that the reported degree of pain was "moderate," bleeding was "minimal," and the "exacerbating factor is movement." *Id.* Upchurch's medical records also indicated that Upchurch sustained a "head injury," and Upchurch was prescribed pain medication. *Id.* at 32. Officer Gibson's photographs of Rumfelt and Upchurch were admitted as exhibits at trial. Finally, the video taken by Vance on his cell phone of Rumfelt and Upchurch after the incident was

---

28, 2018, charging Vance with two separate counts for each victim before amending the final charging information again in August 2019.

[6] Although Vance only challenges Upchurch's injuries in the context of the sufficiency of the evidence, Rumfelt also testified regarding his significant and ongoing injuries as a result of Vance's battery.

admitted into evidence; the video refers to Rumfelt and Upchurch as being put to "sleep." State's Ex. 18.

[11] After the State concluded its case-in-chief, Vance moved for a directed verdict on Count II, which the trial court denied. Vance, who is a black man, testified in his defense that the men called Vance a racial slur and that Vance felt as if he had to defend himself against Rumfelt and Upchurch during their physical altercation. The jury found Vance guilty of both counts.

[12] On December 30, 2019, the trial court held a sentencing hearing. The trial court found as aggravating factors: (1) Vance's criminal history;[7] (2) prior unsuccessful attempts of rehabilitation; (3) the particularly heinous and disturbing facts of the case; and (4) the impact the crime had on the victims and their families. The trial court found one mitigating factor, namely, that Vance has family support which should assist in his rehabilitation. After weighing the aggravators and mitigators, the trial court sentenced Vance to six years on Count I, the battery to Rumfelt, and four years on Count II, the battery to Upchurch, to run consecutively, for an aggregate sentence of ten years at the

---

[7] Vance's pre-sentence investigation report ("PSI") indicates Vance's prior convictions for: possession of marijuana, a Class A misdemeanor; illegal consumption of an alcoholic beverage, a Class C misdemeanor; carrying a handgun without a license, a Class A misdemeanor; possession of marijuana, a Class A misdemeanor; driving while suspended, a Class A misdemeanor; resisting law enforcement, a Class D felony; battery resulting in bodily injury, a Class A misdemeanor; resisting law enforcement, a Class A misdemeanor; operating a vehicle while intoxicated, endangering a person, a Class A misdemeanor; dealing in cocaine, a Class B felony; and possession of cocaine, a Class C felony.

Indiana Department of Correction ("DOC").  Vance now appeals his conviction for Count II and his aggregate sentence.

## Analysis

### I.  *Insufficiency of Evidence*

[13]  Vance argues the evidence is insufficient to support his conviction for Count II, which pertained to the battery of Upchurch.  When a challenge to the sufficiency of the evidence is raised, "[w]e neither reweigh evidence nor judge witness credibility."  *Gibson v. State,* 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*), *cert. denied.*  Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'"  *Id.* (quoting *Bieghler,* 481 N.E.2d at 84).  "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'"  *Id.*; *see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court").  "We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt."  *Love v. State,* 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

[14]  Vance argues that the evidence presented fails to "meet[] the definition of serious bodily injury."  Appellant's Br. p. 12.  Pursuant to Indiana Code Section 35-42-2-1(c)(1), a person who "knowingly or intentionally . . . touches another

person in a rude, insolent, or angry manner; . . ." commits battery, a Class B misdemeanor. The offense is a Level 5 felony if the offense "results in serious bodily injury to another person." Ind. Code § 35-42-2-1(g)(1). Indiana Code Section 35-31.5-2-292 provides:

> "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes:
>
> > (1) serious permanent disfigurement;
> >
> > (2) unconsciousness;
> >
> > (3) extreme pain;
> >
> > (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or
> >
> > (5) loss of a fetus.

[15]   Vance argues that: (1) Upchurch testified he was only in moderate, not extreme, pain; (2) Upchurch's popping in his jaw is not a permanent disfigurement; and (3) none of the injuries on Upchurch's medical record indicate a permanent disfigurement. As to Upchurch's loss of consciousness, Vance argues that, on cross-examination, Upchurch was unable to recall whether he lost consciousness and that, therefore, it appears Upchurch "black[ed] out" instead. Appellant's Br. p. 11.

[16] At trial, Upchurch testified that, after ordering a beer, his "next good memory would be the police waking [him] up on the sidewalk." Tr. Vol. II p. 141. Upchurch elaborated: "Not really waking me up but I remember the police on the sidewalk out in front of Gene's." *Id.* Upchurch testified that he was "dazed" and "confused" when he woke up and that he did not recall what happened. *Id.* at 142. On direct examination, Upchurch answered affirmatively when asked if he lost consciousness. On cross-examination, when asked how Upchurch was certain he lost consciousness if he does not recall most of the events of the night, Upchurch responded: "I'm assuming that's why I don't remember." *Id.* at 144.

[17] The security video demonstrates both Rumfelt and Upchurch lying still on the ground for several moments after the battery. Finally, the jury saw the video Vance took of Rumfelt and Upchurch immediately after the attack, wherein Vance is heard saying he put the men to "sleep." State's Ex. 18. From this evidence, the jury could have reasonably concluded that Upchurch lost consciousness. Upchurch's loss of consciousness is sufficient to support a finding of serious bodily injury.

[18] Vance's argument regarding the sufficiency of the evidence is nothing more than a request for us to reweigh the evidence, which we cannot do. *See Gibson,* 51 N.E.3d at 210. Accordingly, the evidence is sufficient to support Vance's battery conviction as to Upchurch.

## II. *Abuse of Discretion in Sentencing*

[19]     Vance next argues the trial court abused its discretion in sentencing him by failing to consider a number of mitigating factors, including: (1) Vance's five minor children for whom incarceration could create a hardship; (2) Vance was found to be in a low category to reoffend according to his PSI; and (3) there was evidence that Rumfelt and Upchurch provoked Vance when they used a racial slur. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, the sentence is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[20]     A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating factor. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A trial court has discretion to determine whether the factors are mitigating and is not required to explain why the trial court rejects the defendant's proffered mitigating factors. *Haddock v.*

*State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003). A claim that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[21] First, as to Vance's children, Vance presented no evidence at the sentencing hearing that Vance's incarceration would render a hardship to the children. Vance testified that none of his children lived with him and, although Vance indicated he was close with his children, Vance presented no evidence regarding how Vance's incarceration might impact his children. *See Gray v. State,* 790 N.E.2d 174, 178 (Ind. Ct. App. 2003) (finding the trial court did not abuse its discretion in failing to attach significant weight to the fact that Gray had a child because the record revealed the child lived with the child's mother and "Gray spent his money on gambling, not on care for his daughter. . . ."). Accordingly, we cannot find the trial court abused its discretion by declining to find this factor as a mitigator.

[22] Second, Vance argues that his low risk to reoffend should have been considered as a mitigating factor. As an initial point, as the State points out in its brief, the trial court considered information found in the PSI, including Vance's low risk to re-offend. The trial court stated that it "consider[ed] the pre-sentence investigation report together with the evidence as presented and final comments of counsel" in reaching Vance's sentence. Tr. Vol. III p. 235. Vance, however, fails to advance an argument that this factor is significant and, therefore, that the trial court has abused its discretion. *See Anglemyer*, 868 N.E.2d at 493.

Accordingly, the trial court did not abuse its discretion in failing to give Vance's low risk to reoffend mitigating weight.

[23] Finally, we address Vance's argument that he was "severely provoked." Appellant's Br. p. 13. First, we note that even if Rumfelt and Upchurch did provoke Vance, Vance conceded at sentencing that his reaction "crossed the line." Tr. Vol. III p. 224. The evidence presented, including the security camera footage and Vance's cell phone video, depicted Vance's protracted beating of the two men. The video shows the men having a conversation before the physical altercation began; Vance following Rumfelt into the parking lot; and then Vance punching and beating Rumfelt. Once Rumfelt was on the ground, Vance continued to brutally beat Rumfelt before returning with a mug of beer, which Vance smashed on top of Rumfelt's head. At some point during the altercation, Upchurch was pushed out into the parking lot. Vance then proceeded to kick Upchurch twice while Upchurch laid on the ground. In light of this evidence, we cannot find that even if Vance was provoked, this factor is "significant" enough to warrant consideration as a mitigating factor. *See* *Anglemyer*, 868 N.E.2d at 493. Accordingly, the trial court did not abuse its discretion in sentencing Vance.

## Conclusion

[24] The evidence was sufficient to convict Vance of Count II, and the trial court did not abuse its discretion in sentencing Vance on both counts. We affirm.

[25] Affirmed.

Mathias, J., concurs.

Riley, J., concurs in part and dissents in part with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eddie Vance, III, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | Court of Appeals Case No. 20A-CR-221 |

**Riley, Judge concurring in part and dissenting in part**

[26]    I concur with the majority's conclusion that the trial court did not abuse its discretion in sentencing Vance for battery resulting in serious bodily injury to Rumfelt. However, I respectfully dissent from the majority's conclusion that the State proved beyond a reasonable doubt that Vance inflicted serious bodily injury on Upchurch sufficient to sustain his conviction for Count II. 'Serious bodily injury' is defined in relevant part as bodily injury that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a member or organ. *See* I.C. § 35-31.5-2-292(1)-(4). In an apparent recognition that the State's evidence of serious disfigurement, extreme pain, or permanent or protracted loss or

impairment is lacking, the majority centers its analysis on whether the State proved that Vance rendered Upchurch unconscious. To support its conclusion that the State made its case, the majority relies on Upchurch's equivocal testimony that the police woke him up but did not really wake him up and his affirmative response when asked if he had lost consciousness, which he clarified on cross-examination was an assumption on his part.

[27] We do not reweigh the evidence as part of our review. However, it is not reweighing to conclude that evidence to support an element of the offense did not exist. Upchurch's equivocation negated the probative value of his testimony, and he admitted that he had no personal knowledge that he had lost consciousness. The State did not present any expert medical testimony indicating that Upchurch lost consciousness. Therefore, there was no evidence in the record which could have supported a reasonable conclusion that Vance rendered Upchurch unconscious. For these reasons, I respectfully dissent.